## OFIELD v. NATIONAL BEN. LIFE INS. CO.
(No. 3331.)

Court of Civil Appeals of Texas. Texarkana. Feb. 11, 1927.

Rehearing Denied Feb. 24, 1927.

1. **Insurance** ⊶136(4)—**Provision that life insurance contract shall not bind insurer unless insured be in sound health on delivery of policy held cumulative and not conflicting with further similar provision.**

Provision of application for life insurance policy, which was a part of the contract of insurance, that the contract shall not be binding on the insurer unless on the date of the actual delivery of the policy the insured be in sound health, *held* cumulative and not to conflict with further provision in policy providing that no obligation is assumed by insurer unless on date hereof the insured is in sound health.

2. **Insurance** ⊶136(4)—**Under provision that life insurance contract should not bind insurer unless insured be in sound health on delivery of policy, sound health was condition precedent.**

Sound health of insured at time of the actual delivery of policy of life insurance was condition precedent to completion of contract, where application, which was part of contract, provided that the contract should not be binding on the insurer unless on the date of the actual delivery of the policy the insured be in sound health.

3. **Insurance** ⊶136(4)—**One suffering from fatal attack of influenza was not in "sound health" within life policy making such condition precedent.**

Within provision of policy of life insurance that contract should not bind insurer unless insured was in sound health on date of delivery of policy, one who had been suffering from an attack of influenza, which resulted fatally, for several days before the delivery of the policy, was not in "sound health."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sound Health.]

4. **Insurance** ⊶151(2)—**Application held part of life insurance contract, where policy so provided, though unaccompanied by copy of application; evidence conclusively showing contract was not made nor policy issued in Texas (Rev. St. 1925, art. 5049).**

Written application for life insurance *held* a part of the contract where the policy so provided, although the policy was accompanied by no written, photographic, or printed copy of the application as required by Rev. St. 1925, art. 5049, in case insurance is contracted or policy issued in Texas; evidence conclusively showing insurance was not contracted nor policy issued in Texas.

5. **Insurance** ⊶125(4)—**Life insurance contract held performable at insurer's domicile.**

Where policy of life insurance provided that the insurance was payable at its home office in a specified city, the contract was performable at the domicile of the insurer rather than where the contract was made.

6. **Evidence** ⊶34—**Court might take judicial notice that no act of Congress invalidated life insurance contract.**

Court of Civil Appeals might take judicial notice of the fact that no act of Congress invalidated specific life insurance contract.

Appeal from Bowie County Court; S. I. Robison, Judge.

Suit by Henry Ofield against the National Benefit Life Insurance Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The suit is on a policy of insurance upon the life of Artwood Ofield in the sum of $300. The insured was the minor son of the beneficiary, Henry Ofield. The defense is, in effect, that the insured was not in sound health at the time of the delivery of the pol-

icy, and for this reason the beneficiary cannot recover, as was expressly stipulated in the application agreed, to be made a part of the contract and of the policy of insurance. The defendant further alleged that the contract of insurance was made and the policy was delivered in the state of Arkansas. The plaintiff specially denied the answer in a supplemental petition. The trial court upheld the defense and rendered judgment for the insurance company upon the ground, as pleaded, that the contract of insurance was not made nor was the policy delivered in Texas, and that the insured was not, as found by the jury, in sound health at the time of the delivery of the policy.

The facts appear without dispute. The insured, of the age of 16 years, and his father, resided in Texarkana, Ark. The appellee is a life insurance company, but whether a corporation or not is not shown. Its "home office," though, is in Washington, D. C. The company did business in the state of Arkansas, inferably with a permit to do so. A "district manager" established and maintained "a branch office" in Texarkana, Ark.; and a local soliciting agent was also located in the same city and state. The district manager had authority, as he testified, to "write and collect for insurance in Arkansas, the same as I do in Texas." It was alleged that the appellee "has a permit to do business in Texas." In June, 1925, as proven, the local agent at Texarkana, Ark., solicited the insurance in suit. An application therefor was signed by Artwood Ofield on June 30, 1925. The required fee and advance premiums were paid at the time to the local agent. Afterwards the district manager forwarded the application, with the premiums, to the home office at Washington, D. C., and a policy of insurance, dated July 27, 1925, was forwarded to the district manager at Texarkana, Ark. The district manager testified:

"This policy was dated July 27, 1925, and I received the policy from the home office on July 28, 1925, and, after checking it against the pink sheet (I keep) I turned it over to the local agent, J. H. Stephenson. He was the agent who was to deliver it to Artwood, or Henry Ofield."

The local agent, Stephenson, testified:

"I filled out an application for the insurance upon the life of Artwood Ofield, at Tenth and Laurel streets, Texarkana, Ark. I knew that he and Henry Ofield resided at 1410 Laurel street, Texarkana, Ark. Thereafter on July 28, 1925, the manager of the branch office of the defendant company delivered to me the policy sued on. On July 29, 1925, I delivered the policy to Henry Ofield at Ofield's home, 1410 Laurel street, Texarkana, Ark. I collected the premium from Henry Ofield in Miller county, Ark."

The policy provided that the insurance was payable "at its home office in the city of Washington, D. C.," and that the written application should be "a part of this contract." The application stipulated that:

"And said contract shall not be binding upon the company unless, on the date of the actual delivery of the policy to me or my agent, I am alive and in sound health."

On August 7, 1925, the insured died of influenza. He was taken sick or "ill" with the disease "several days" before July 28. It was proven that under the laws of Arkansas an application becomes a part of contract where the life insurance certificate makes it a part of contract. Mutual Aid Union v. Lovitt, 170 Ark. 745, 281 S. W. 354.

Wm. V. Brown, of Texarkana, for appellant.

E. Harold Beck and King, Mahaffey & Wheeler, all of Texarkana, for appellee.

LEVY, J. (after stating the facts as above). [1] The written application for the policy, made a part of the "contract" of insurance, as recited in the face of the policy, stipulates as follows:

"That said contract shall not be binding upon the company unless on the date of the actual delivery of policy to me or my agent I am alive and in sound health."

This provision is cumulative, and not in conflict with the further provision in the policy reading:

"Provided, however, that no obligation is assumed by the company previous to the date hereof, nor unless on said date the insured is alive and in sound health."

[2-4] However perfect in form the contract may have been, and although all of its other terms and conditions may have been complied with, the "sound health" of the assured at the time "of the actual delivery of policy" was a condition precedent in order to complete its execution. Wright v. Federal Life Ins. Co. (Tex. Com. App.) 248 S. W. 325. And the evidence showed with certainty that the insured had been "ill" with influenza "several days" before the actual delivery of the policy on July 29, 1925, which illness resulted in death on August 7, 1925. The question then remains only of whether or not the written application could be deemed a part of the contract of insurance as stipulated; such policy of insurance not being "accompanied by a written, photographic, or printed copy of the application for such insurance policy or contract." According to the Texas statute, the application could not be deemed a part of the contract or policy of insurance. Article 5049, R. S. But this statute bears entirely upon insurance contracts or policies "issued or contracted for in this state." And the evidence is conclusive, and not contended to the contrary, that the insurance was not contracted nor the policy issued in Texas.

[5, 6] The facts show that the application was taken in Arkansas by a local agent of Arkansas, the assured and his father living in Arkansas. The premiums were paid in Arkansas. The agent, having no authority to conclude the contract, forwarded the application and the premiums to the domicile of the insurance company, and it was there accepted and the policy issued. The policy when returned did not have to be countersigned. The agent was not authorized to withhold delivery, and there was nothing to prevent the immediate conclusion of the contract or postpone the taking effect of the policy. Therefore the insurance contract was, in point of fact, made in Arkansas. The performance of the contract, however, would be, by its terms and intention, at the domicile of the company. Fidelity Mutual Life Asso. v. Harris, 94 Tex. 25, 57 S. W. 635, 86 Am. St. Rep. 813. Hence the court correctly sustained the defense. The character and form of the contract were entirely valid in Arkansas, as proven. It was not formally proven valid within the District of Columbia; but no act of Congress makes it invalid, and of this we can judicially know. 1 Greenleaf on Evidence, § 490; 1 Rice on Evidence, p. 32; 1 Jones Com. on Evidence, § 112; Apollos v. Staniforth, 3 Tex. Civ. App. 502, 22 S. W. 1061.

The judgment is affirmed.