## AMERICAN NAT. INS. CO. v. JARRELL.

### No. 2675.

Court of Civil Appeals of Texas. El Paso.
May 26, 1932.

Rehearing Denied June 16, 1932.

W. B. Handley and C. J. Shaeffer, both of Dallas, for appellant.

John W. West and J. P. Miller, both of Dallas, for appellee.

WALTHALL, J.

This suit was brought by Elizabeth Jarrell, surviving wife of Uriel K. Jarrell, against the American National Insurance Company, on two life insurance policies of date, respectively, March 10, 1930, and September 22, 1930, each in the sum of $165, issued to Uriel K. Jarrell and in which Elizabeth Jarrell is named beneficiary. Jarrell died on November 16, 1930.

The insurance company refused payment, and the suit is to recover the amounts stipulated in the policies, the statutory 12 per cent. penalty and attorney fees.

Appellant, in answer, pleaded certain provisions of the policies; the only one involved here is that which provides: "No obligation is assumed by the Company prior to the date hereof, nor unless on said date the insured is alive and in sound health."

On special issues submitted, the jury found that Jarrell was not in sound health on the days of the issuance of the policies, and also found that Jarrell did not know that he was

not in sound health on the dates of the issuance of the policies.

The evidence is such as to justify the submission of each of the above issues to the jury.

Appellant submits that, the jury having found that the insured was not in sound health on the effective dates of the insurance policies, no valid policy of insurance was effected, and the judgment should have been in favor of the insurance company.

Appellee in reply insists that, if Jarrell was not in sound health on the dates of the policies, the fact that he did not know it, his application for insurance on his statement that he was in sound health would not be fraudulent, or void, and for that reason judgment was properly rendered in her favor.

It is true, as suggested by appellee, that, where he did not know he was not in sound health at the time of his application for the policies, his statement that he was in sound health would not be positive fraud on his part, but the condition precedent to liability as provided in the policy being that "the Company assumes no liability whatever under this policy unless on the date of the revival the insured is in sound health and insurable according to the Company's standard of insurability, as provided at original date," the pivotal point of liability would seem to be the fact of sound health and insurability of Jarrell at that date rather than Jarrell's knowledge of the condition of his health. Without making an extended discussion of the question, we think the case of Federal Life Insurance Company v. Wright, first, by the Dallas Court of Civil Appeals, 230 S. W. 795, 800, on appellant's motion for a rehearing beginning on page 799, and by the Commission of Appeals, Sec. A, 248 S. W. 325, 326, settles the question in appellant's favor. In that case it was made to appear that the insured was afflicted with tuberculosis of the lungs at the time the application for insurance was made. There, as here, it was stipulated in the policy to the effect that the policy should not take effect as a contract of insurance unless the insured was in good health. The court held that, if the insured was not in fact in good health on the date of the policy, the company was not liable, and referred to many cases so holding which we omit reciting.

The opinion also said: "It is also held that it is immaterial that the condition of the insured's health has changed since his application was made, or that he was ignorant of his condition," and referred to cases so holding. The Commission of Appeals recommended the affirmance of the case which was adopted by the Supreme Court. In its opinion, the court, after discussing the case at length, said in part: "A stipulation in an application for a policy of life insurance.

which is made a part of the policy subsequently issued thereon, that such policy shall not take effect unless the same is actually delivered to the insured, during his life, and while he is in good health, is, except as restrained or forbidden by some statute, valid and enforceable. If the insured is at the time of the delivery of such policy actually afflicted with a disease which continues and ultimately causes his death, according to the weight of authority, it is immaterial whether such condition existed at the date of his application or arose between that date and the delivery of the policy, or whether the insured knew his condition in that respect or not. In such cases such condition of health on the part of the insured at the time of the actual delivery of the policy is a defense to an action thereon, unless a valid waiver of such stipulation is shown," and referred to many cases so holding. We refer to the cases without copying them here. Many questions are discussed in the two opinions not involved here, and we have quoted from the opinions more fully than necessary, the exact point in the opinions applicable here being the holding that it is immaterial whether the insured knew his condition of health or not. The question of waiver is not involved here.

The holding in the above-cited case is conclusive of the one issue here.

The case is reversed and here rendered in favor of appellant.