### AMERICAN NAT. LIFE INS. CO. v. JOHN R. CORLEY CO, Inc.

#### No. 1506.

Court of Civil Appeals of Texas. Waco.
June 7, 1934.

Rehearing Denied July 12, 1934.

J. E. & B. L. Bradley, of Groesbeck, for plaintiff in error.

O. F. Watkins, of Mexia, for defendant in error.

ALEXANDER, Justice.

The life insurance policy recovered on in the trial court contained the following provision: "Provided, however, that no obligation is assumed by the company prior to the date hereof nor unless on said date the insured is alive and in sound health." The trial court found that at the time the policy was issued the insured had a malignant condition of the abdomen and was not in sound health, but that neither the insured nor the beneficiary named in the policy knew or thought that such condition existed. The evidence supports such findings, and further establishes that within two months after the issuance of the policy the insured died from the effects of the disease which he had at the time the policy was issued and delivered.

The trial court rendered judgment in favor of the assignee of the beneficiary named in the policy because of the finding that the insured believed that he was in sound health at the time the policy was delivered. Such finding, however, did not justify a recovery on the policy sued on. It is now well settled in this state that a stipulation in a life insurance policy that such policy shall not take effect unless the insured is in sound health at the date the policy is delivered is, unless restrained by some statute, valid and enforceable, and it is immaterial whether the insured knew of his condition in that respect or not. His good faith in believing that he was in sound health at the time the policy was delivered will not authorize a recovery if in fact at the time of the delivery of the policy he was suffering from an ailment of a substantial nature which continued and ultimately caused his death. 24 Tex. Jur. 691; Wright v. Federal Life Insurance Co. (Tex. Com. App.) 248 S. W. 325; Southern Surety Co. v. Benton (Tex. Com. App.) 280 S. W. 551; American National Ins. Co. v. Melton (Tex. Civ. App.) 29 S.W.(2d) 795; American Nat. Ins. Co. v. Jarrell (Tex. Civ. App.) 50 S.W. (2d) 875; Ofield v. National Ben. Life Ins. Co. (Tex. Civ. App.) 293 S. W. 271; Denton v. Kansas City Life Ins. Co. (Tex. Civ. App.) 231 S. W. 436.

Since the trial court found that the insured was not in sound health at the time the policy was issued, the plaintiff was not entitled to recover herein. The judgment of the trial court is therefore reversed, and judgment here rendered that the plaintiff take nothing.