## AMERICAN NATIONAL INSURANCE COMPANY V. WILLIS A. LAWSON.

No. 7316. Decided April 26, 1939.
(127 S. W., 2d Series, 294.)

*W. B. Handley,* of Dallas, for appellant.

As the policy of insurance stipulated that insured must be in sound health at the time the policy was issued, which she was not, said provision in the policy constituted a condition precedent of the effectiveness of the policy and no obligation was assumed by the insurance company. Ocean Acc. & Guar. Co. v. Riggins, 291 S. W. 276; Darr v. Johnson, 257 S. W. 682; Hutcherson v. W. O. W. 112 Texas 551, 251 S. W. 491, 28 L. R. A. 823.

*R. C. Armstrong,* of Fort Worth, for appellee.

The "good health clause" of a life insurance policy is invalid, of no effect, and contrary to the statutes. First Texas State Insurance Company v. Smalley, 111 Texas 68, 228 S. W. 550; Atlanta Life Ins. Co. v. Cormier, 126 Texas 179, 85 S. W. (2d) 1045; R. S. Arts 4732 and 4733.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The certificate by the Honorable Court of Civil Appeals, Second District, discloses that appellee was named as beneficiary in a policy of life insurance issued by appellant upon the life of his wife, Ethel Lawson. The suit is upon that policy. It was issued on September 10, 1934, for the sum of $240.00. Insured died on March 7, 1936, and the question of whether, under Art. 4732 R. S. 1925, subd. 3, the defense hereinafter to be considered would be available to appellant after two years from the date of the issuance of the policy is not involved. The answer setting up the defense was filed in July, 1936. At the time the policy was issued insured was afflicted with pulmonary tuberculosis and had been so afflicted for an unknown period of time prior to that date. She first learned of her affliction on September 20, 1934. The sole and immediate cause of her death was pulmonary tuberculosis. The policy contained this provision:

"* * * provided however, that no obligation is assumed by the Company prior to the date hereof nor unless on said date the Insured is alive and in sound health."

The question certified is as follows:
"Should the stipulation in the policy sued on to the effect that no obligation is assumed by the company unless the insured be in sound health at the date of the policy, be construed as a condition precedent to the policy becoming effective in its entirety in the first instance or merely as an attempted limitation of the obligation of the insurer to pay the face value of the policy upon the death of the insured after the contract of insurance should become effective?"

■ From the tentative opinion of the Court of Civil Appeals accompanying the certificate it is made to appear that the doubt and uncertainty in the mind of that court which prompted it to certify this case to this Court was brought about by its construction of the opinion of this court in Atlanta Life Insurance Company v. Cormier, 126 Texas 179, 85 S. W. (2d) 1045. The tentative opinion cites and discusses a number of

cases which hold that provisions in policies of life insurance substantially the same as that quoted above are valid and may be invoked as defenses to suits upon such policies. The question was squarely before the Court in Wright v. Federal Life Insurance Company (Com. App.) 248 S. W. 325, and it was held that such a stipulation is valid and enforceable. That decision has not been departed from, but has been followed in, among others, the following cases: American National Insurance Co. v. Melton, 29 S. W. (2d) 795; American National Insurance Co. v. Jarrell, 50 S. W. (2d) 875; and American Life Insurance Co. v. Corley, 73 S. W. (2d) 598. The rule is well stated in the case last cited, from which we quote as follows:

"* * * It is now well settled in this State that a stipulation in a life insurance policy that such policy shall not take effect unless the insured is in sound health at the date the policy is delivered is, unless restrained by some statute, valid and enforceable, and it is immaterial whether the insured knew of his condition in that respect or not. His good faith in believing that he was in sound health at the time the policy was delivered will not authorize a recovery if in fact at the time of the delivery of the policy he was suffering from an ailment of a substantial nature which continued and ultimately caused his death. 24 Tex. Jur. 691; Wright v. Federal Life Insurance Co. (Tex. Com. App.) 248 S. W. 325; Southern Surety Co. v. Benton (Tex. Com. App.) 280 S. W. 551; American National Ins. Co. v. Melton (Tex. Civ. App.) 29 S. W. (2d) 795; American Nat. Ins. Co. v. Jarrell (Tex. Civ. App.) 50 S. W. (2d) 875; Ofield v. National Ben. Life Ins. Co. (Tex. Civ. App.) 293 S. W. 271; Denton v. Kansas City Life Ins. Co. (Tex. Civ. App.) 231 S. W. 436."

The decision in Atlanta Life Insurance Company v. Cormier, supra, was upon a certified question; the certificate disclosing that the defense pleaded was the following provision of the policy:

"No death benefit shall be payable hereunder when death is the result of immorality, or a disease contracted prior to the date hereof, or of resisting the legal execution of law, or legal authority by the insured, or when death is the result of suicide, it being understood and agreed to that death resulting from these causes, or any one of them, is not a risk undertaken or assumed under this policy of insurance."

In connection with our consideration of the case now before us we have consulted the record in that case and find that there was a provision in the policy there sued upon similar to the one involved in the instant case, but our decision was based upon a certificate which did not disclose that such provision was pleaded as a defense. On the contrary, it disclosed that the defense pleaded was the provision next above quoted. The question certified in that case was whether or not the insurance company could defend upon the ground that the cause of the death of the insured was a risk not insured against. Our holding was not that parties could not make a valid stipulation like that here involved, but that a provision adding exceptions to those enumerated in the statute was void. In that case the question of the validity of the policy at its inception was not involved, but rather the question of the validity of a provision adding exceptions to those enumerated in the statute and thereby excluding risks which otherwise would be insured against. We did not in that case overrule, modify or declare an exception to the rule announced in the Wright case, supra, and the other cases following it.

■ We answer the question certified as follows:

The stipulation in the policy sued on to the effect that no obligation is assumed by the company unless the insured be in sound health at the date of the policy, should be construed as a condition precedent to the policy's becoming effective.

Opinion adopted by the Supreme Court April 26, 1939.