## SCHULENBURG MUT. LIFE INS. ASS'N v. HUBER.

### No. 11161.

Court of Civil Appeals of Texas. Galveston.

Jan. 30, 1941.

Hollis Massey, of Schulenburg, for appellant.

Dan Hruska, of Bellville, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Hilda Huber, to recover, as beneficiary, under a policy or certificate of life insurance issued by appellant, Schulenburg Mutual Life Insurance Association, a local mutual aid association, on the life of her deceased husband, Sam Huber.

Appellee admitted in her pleadings that the insured was not in good health at the time the application for insurance was made or at the time the certificate was issued by appellant. She prayed for judgment for only one-fourth of the face amount of the certificate of insurance, claiming under a provision thereof which provided that if the death of the insured occurred within 12 months from the date of the certificate and if it resulted from any ailment which existed at the time application therefor was made, the beneficiary would be entitled to receive only one-fourth of the face amount thereof.

Appellant answered by denial of liability under said certificate of insurance. It alleged that insured was afflicted with cancer at the time of application for the certificate, as well as at the time of the issuance and delivery thereof to him, and that by virtue of the provisions of said application and certificate the contract never took effect, but that, on the contrary, it was void and unenforceable.

In a trial before the court judgment was rendered in favor of appellee for the sum of $250.

The certificate of insurance in question was for the face amount of $1,000. It contained the following provisions:

"Paragraph 4: It is mutually agreed and understood that if the death of the insured hereunder results from heart disease, cancer, paralysis, kidney trouble, diabetes, stomach trouble, rheumatism, high blood pressure, tumor, dropsy, Bright's disease, goiter, or any other chronic disease, or complications thereof, or from any ailment which existed at the time the application was made, within twelve (12) months from the date of this certificate, or within the contestable period from the date of any reinstatement, then in such case the beneficiary hereunder shall receive only one-fourth (¼) of the amount provided in this certificate and the membership of this group shall be assessed, as needed, accordingly."

"Paragraph 15: It is agreed, hereby, that all answers to all questions set forth in the application of the insured, shall in the absence of fraud, be deemed representations and not warranties; and any untrue statement made in the application as to age, health, character, or any other untrue statement that would materially increase the risk assumed, shall cause this certificate to become null and void, and no liability shall exist against this Association. It is also agreed and understood hereby, that if the age of the insured has been misstated, the amount of insurance payable after death shall be such as the assessments paid would have purchased at the correct age."

"Paragraph 16. I have read this certificate and understand the conditions and provisions contained therein. I also warrant and declare that all answers and statements given in my application, for this certificate of insurance, are true and correct; and that on the date this certificate was delivered I was in good health."

"I hereby accept this certificate subject to all conditions and stipulations contained therein."

Said certificate was signed and accepted by the insured on July 12, 1939. He died from the affects of cancer on March 13, 1940, approximately eight months after becoming a member of appellant association.

In answering the questions contained in the application for insurance, the insured stated that he was then in good health and free from any chronic disease or ailment and that he had not suffered from any illness during the five years preceding the date of said application. Appellee, Hilda Huber, testified that her husband was walking on crutches at the time he made application for said insurance. Dr. Neely, insured's personal physician, testified that he had never told Huber that he had cancer and that he, Huber, did not know that he was suffering from cancer. Huber told appellant's agent at the time the

agent took his application for said insurance that he had been having treatments to his foot.

This appeal involves the construction of the terms of said certificate of insurance.

█ It is a well settled rule in the construction of insurance contracts that, if the language employed by an insurance company is ambiguous, then it must be most strongly construed against the company and in favor of the insured. American Bankers Life Insurance Co. v. Baker, Tex.Civ.App., 126 S.W.2d 56; National Liberty Ins. Co. v. Herring National Bank of Vernon, Tex.Civ.App., 135 S.W.2d 219; Home Ins. Co. v. Springer, Tex.Civ.App., 131 S.W.2d 412; Southwestern Life Ins. Co. v. Houston, Tex.Civ.App., 121 S.W.2d 619.

This rule has been uniformly followed by the Supreme Court of this state. The court, in the case of McCaleb v. Continental Casualty Co., 132 Tex. 65, 116 S.W.2d 679, 682, speaking through Justice Sharp, says: "In construing the language used in a policy [of insurance], if it is ambiguous or contains inconsistent terms, in order to arrive at the true intention of the parties expressed therein, the well-known rule that insurance contracts should be construed strictly against the insurer, and in favor of the insured, will control." Citing Commonwealth Bonding Co. v. Bryant, 113 Tex. 21, 240 S.W. 893; Kemper v. Police & Firemen's Ins. Ass'n, Tex.Com.App., 44 S.W.2d 978; 24 Tex.Jur. pp. 702–711; 52 Corpus Juris, 1152.

In the instant case those parts of above quoted paragraph 4 of said insurance certificate, upon which appellee relies, omitting those parts which have no application here, may be expressed in the following language: "If the insured shall die within one year of heart disease, cancer, * * *, or complications thereof, or from any ailment which existed at the time application for the insurance in question was made, then, in such case, the beneficiary thereunder shall receive only one-fourth of the amount provided in said insurance certificate, or the sum of $250.00."

This provision, standing alone, is plain, certain, definite and unambiguous. It is an unconditional promise on the part of the appellant to pay the beneficiary under said certificate the sum of $250 in the event of the insured's death within a year from the date of said application from any of the diseases specified therein, or from any ailment which existed when said application was made. Appellant therein assumes that the insured may die within a year from one of the ailments specified, or from some ailment which existed at the time said application was made, and therein obligates itself to pay his beneficiary under said certificate, not the face amount of the policy, the sum of $1,000 but one-fourth thereof, $250, the amount for which appellee sought recovery herein.

The above quoted paragraphs 15 and 16, if construed as appellant contends, that if insured was not in good health at the time the certificate of insurance was delivered to him then the certificate would be null and void, are inconsistent with and constitute a repudiation of the unconditional promise made in said paragraph 4, although the disease from which the insured died, cancer, is definitely included in the enumerated diseases of said paragraph 4.

█ Considering said certificate of insurance as a whole, and reconciling paragraphs 4, 15 and 16, the certificate must be interpreted as providing that if the insured died within one year from any of the specified ailments or from an ailment which existed when said application was made, his beneficiary would receive only one-fourth of the face amount of the certificate, since under the above authorities the provisions of said paragraphs 15 and 16 can have no application when in conflict with said paragraph 4.

█ The judgment herein in favor of appellee having been rendered by the court upon conflicting testimony, in the absence of findings of fact, this court must assume that all other facts, alleged and necessary to support the judgment, were found by the trial court upon sufficient evidence. Miller v. Texas General Agency Co., Tex.Civ.App., 141 S.W.2d 441; Kinney v. Johnson et al., Tex.Civ.App., 135 S.W.2d 773; Massachusetts Bonding & Ins. Co. v. Pittsburg Pipe Line & Supply Co., Tex.Civ.App., 135 S.W.2d 818.

It follows from above conclusions that the judgment of the trial court should be in all things affirmed; it is so ordered.

Affirmed.