## AMERICAN BANKERS LIFE INS. CO. v. PATE.

### No. 2425.

Court of Civil Appeals of Texas. Waco.

April 23, 1942.

Cecil R. Glass, of Marlin, for appellant.

Bartlett & Bartlett, of Marlin, for appellee.

HALE, Justice.

John A. Pate sued American Bankers Life Insurance Company, a statewide mutual operating under Art. 4859f, Vernon's Ann.Tex.Civ.Stats., for $1,000 claimed to be due on a policy issued to his deceased wife. Defendant answered with a general denial and alleged facts showing that the policy sued upon was void under its terms because the insured was not in good health at the time said policy was applied for or at the time it was delivered. The case was

tried before the court without a jury and resulted in judgment for plaintiff in the sum of $251.75. Defendant has appealed.

On July 11, 1940, Mrs. Pate made written application to appellant for the issuance of a policy on her life in the sum of $1,000, with appellee as beneficiary, in which she warranted that she was then in good and vigorous health, free from all bodily diseases and ailments, and agreed that if she was not in good health at the time of the delivery and acceptance of said policy she thereby forfeited any benefits accruing thereunder. On July 17, 1940, appellant accepted said application and attached a copy thereof to its policy as issued. The policy clearly provided, among other things, that if the insured should not be in good and vigorous health at the time of its delivery, then in that event the same should be null and void and of no force and effect; that if the insured should die within one year from the effective date of said policy as a result of certain diseases, including cancer, then in that event the benefits thereunder should not exceed one-fourth of the amount otherwise payable, plus the return of all amounts paid thereon while said policy was continuously in force. The insured paid one monthly premium in the sum of $1.75 with her application, which appellant later offered to return but which was refused.

The trial court filed findings of fact and conclusions of law in which he set forth the terms of the application and policy hereinbefore referred to and in addition thereto found in accordance with the undisputed evidence substantially as follows: that on July 11, 1940, and continuously thereafter to the time of her death, the insured was not in good health, but was on all of said dates under the care of physicians and was suffering constantly from a cancer of the uterus and died as a direct result of said cancer on August 19, 1940; that appellant relied upon the statements made in the application with reference to the physical condition of the insured, which statements were material to the risk, and it would not have issued said policy had it known the insured was not in good health. The court concluded, however, inasmuch as the policy provided that in the event the insured should die of cancer within one year from the effective date thereof the benefits thereunder should not exceed one-fourth of the amount other-

wise payable plus a refund of all amounts paid thereon while said policy was continuously in force, that appellee was entitled to recover the sum of $251.75, notwithstanding the other provisions in said policy.

Appellant contends that the court erred in rendering any judgment against it because under the undisputed evidence and findings the policy sued upon never became effective. We think this contention must be sustained. The stipulation in the application, by its express terms, forfeited any benefits accruing under the policy because the insured was not in good health at the time of the application or of the delivery and acceptance of said policy. Great Nat. Life Ins. Co. v. Hulme 134 Tex. 539, 136 S.W.2d 602; Hughes v. American Nat. Ins. Co., Tex.Civ.App., 146 S.W.2d 470; Atlanta Mutual Ins. Ass'n v. Heard, Tex.Civ.App., 40 S.W.2d 927. Moreover, even though there had been no application and regardless of the terms and effect thereof, the provision in the policy with respect to the good health of the insured was a condition precedent which, under the found facts of this case, prevented the contract from becoming operative in the first instance. American Nat. Ins. Co. v. Lawson, 133 Tex. 146, 127 S.W.2d 294.

Appellee cites the case of Schulenberg Mutual Life Ins. Ass'n v. Huber, Tex.Civ. App., 147 S.W.2d 277, in support of the judgment. In the cited case the policy provided that if the death of the insured resulted from certain diseases, including cancer, within twelve months from the date of the certificate, then the beneficiary shall receive only one-fourth of the amount therein specified. The court there held, and we think properly so, that the unconditional promise on the part of appellant in that case to pay the sum of $250, in the event of the insured's death within a year from the date of the certificate as the result of certain diseases, was inconsistent with the provision that said certificate should be null and void if at the time of its delivery the insured was not in good health. In the case at bar appellant did not make any unconditional promise to pay any sum in the event of the insured's death within a year from the date of the policy. Its obligation was a conditional promise to pay not to exceed $250 plus the return of all amounts paid on said policy while continuously in force, the condition of its prom-

ise being that the insured should die as a result of cancer within one year from the effective date of said policy. But the policy in this suit never became effective. In our opinion, the conditional promise to pay not to exceed $250 if death should result from cancer within one year from the effective date of the policy is in no wise inconsistent with appellant's right to deny any liability in the event its contract never became effective · in the first instance. Absent any plea or evidence of waiver, estoppel, or ambiguity, it is the duty of the courts to construe the plain, lawful terms in a policy of insurance as the contract is written and to give such force to each material provision thereof as the law applicable to the facts may require.

The evidence in this case has been fully developed and since we are of the opinion that the policy sued upon never became effective, the judgment of the trial court is reversed and judgment is here rendered that appellee take nothing by this suit.