**COMMERCIAL TRAVELERS CASUALTY COMPANY, Appellant,**

v.

**Verna Inez BISCAMP, Appellee.**

No. 6143.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 20, 1958.

Rehearing Denied March 12, 1958.

Chaney & Harless, Dallas, for appellant.

Joe H. Tonahill, Jasper, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in the County Court of Jasper County for $600 against Commercial Travelers Casualty Company, appellant, in favor of Verna Inez Biscamp, appellee. The case was tried to the court without a jury.

National Security Life & Casualty Company issued a policy of life insurance insuring the life of John D. Biscamp, the deceased husband of the appellee. The appellant appeared as the successor to said company and submitted itself to the jurisdiction of said court in the case. In its pleading in the trial court it defended on two grounds, (1) that the deceased had made misrepresentations to the agent of the issuing company in regard to the condition of his health, (2) that the deceased was not in good health at the time of the effective date of the policy, the date of delivery.

On appeal the appellant brings only one point of error, contending thereunder that the trial court erred in granting judg-

ment on the policy for the reason that the insured at the time of delivery thereof was not in sound health and entirely free of bodily ailments or diseases, said policy expressly providing that it should not become effective in such event.

The facts are not in dispute relative to the defense presented by the appellant here. The deceased signed the application for the insurance policy on June 15, 1956. He was not feeling well at that time and went to John Sealy Hospital in Galveston within a few days after signing the application. Various tests were given him there and a diagnosis of cancer was established on June 19, 1956. The policy was issued and dated June 20, 1956, and the insured subsequently died in a local hospital in Newton. The proof of death filed by the appellee with the appellant stated the cause of death on August 12, 1956, was cancer of the lung.

The application signed by the deceased provided that if he were not alive and in good health on the effective date of the policy applied for, then the policy and application should become null and void and no liability should rest upon or be assumed by the company, except in refund in full of the premium collected.

The policy contract contained the following provision:

"This policy shall not become effective unless on the date the insured signed the application herefor as well as on the date of the issuance and delivery of this policy and the payment of the first premium hereon, the Insured was alive and in sound health and entirely free from any and all bodily ailments or diseases."

■ It appears to us that the appellant's point must be sustained. It is valid for an insurance policy to provide that it shall not be effective unless the insured is in good health at the time of its issuance or upon its date or at the time or date of its delivery. Such a requirement of a life insurance policy constitutes a condition precedent to the contract taking effect. 24-B Tex.Jur., p. 80 and the many cases cited thereunder, including American National Ins. Co. v. Lawson, 133 Tex. 146, 127 S.W.2d 294; Great National Life Ins. Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602.

The appellee in her brief, in her one counterpoint, says that the trial court did not err in granting judgment on the policy "because the insurer failed to prove that the insured knew he was not in sound health at the time of making application for the policy, and that he willfully misrepresented the facts with the intent of inducing the insurer to issue him a policy." Under this point the appellee cites and relies upon Clark v. National Life & Accident Co., 145 Tex. 575, 200 S.W.2d 820 and Great Southern Life Ins. Co. v. Doyle, 136 Tex. 377, 151 S.W.2d 197. These two authorities, together with many other cited cases, do hold that when an insurer defends against a policy on the ground of misrepresentation of material facts in the application, it is necessary not only to prove that the representations were false but also that they were made with intent to deceive or defraud. Such a holding, however, has no bearing on the question presented in appellant's brief. By the appeal here we are concerned only with the insurer's defense that the insured was not in good health and was not free from bodily ailments or diseases at the time of the issuance and delivery of the policy sued on.

Under the established facts above briefly set forth, the quoted provision in the insurance policy sued on precludes any recovery on such policy. The trial court erred in entering judgment for the appellee and it must be reversed and judgment here rendered that the appellee take nothing by her suit.

Reversed and rendered.