LEGAL SECURITY LIFE INSURANCE COMPANY, Appellant,

v.

Jesse ERWIN, Appellee.

No. 7516.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 22, 1963.

Rehearing Denied Nov. 19, 1963.

John W. Hicks, Douglas E. Bergman, Wilbur T. Knape, Dallas, for appellant.

James R. Strong, Long, Strong, Jackson & Strong, Carthage, for appellee.

DAVIS, Justice.

This is an action brought by the appellee against the appellant to recover benefits under a hospitalization and surgical indemnity insurance policy for expenses for hospital confinements. Trial was to a jury. The answer to the Special Issues were in favor of the appellee. Judgment was entered for the appellee, and appellant has perfected its appeal and brings forward twelve points of error.

By its points 1 through 10 appellant contends the court erred in entering judgment for the appellee for the following reasons: The judgment is not supported by the findings of the jury; the appellant waived and is estopped from asserting its affirmative defense of poor health; in overruling and failing to sustain its motion for directed verdict; in overruling and failing to sustain its motion for judgment non obstante veredicto; in failing and refusing to submit to the jury its Special Issue No. 1; in overruling its objections to Special Issue No. 1; and, in overruling its objections to Special Issues Nos. 2–3, and 8–19. Throughout the points of error appellant takes the position that the appellee was not in good health at the time he made the application for the policy, at the time the policy was issued and delivered and, at the effective date of said policy or fifteen days after Feb. 23, 1959, and at all times subsequent thereto.

■ According to the evidence, on February 23, 1959, O. E. Mason, Agent for the appellant, approached the appellee for the purpose of selling him the insurance that is involved in this lawsuit. He met the appellee in the road, got out of his car and got into the pickup with the appellee, a man then 65 years of age. The agent made out the application for the policy. Appellee told the agent that he was suffering with arthritis at that time. This fact was written down in the application. The twisted and deformed condition of appellee's hands was apparent to any person at the time he signed the application for the policy. The appellant issued the policy, knowing that appellee was afflicted with arthritis, and continued to receive payments of premiums after appellee had made a claim on the policy. Appellant admits in its brief that it knew the appellee had arthritis. There is no issue of fraud in the case. The evidence offered showed that the appellee was in good health at the time he made application for the policy, save and except that he had arthritis. The evidence is sufficient to support the jury's findings.

■ Appellant knew that appellee was afflicted with arthritis, and it has waived and is estopped from asserting that the appellee was not in good health because of the arthritis. Perry v. Citizens Life Ins. Co., (Tex.Civ.App.) 163 S.W.2d 743, N.W. H.; 22 T.J.2d pp. 664–666, Secs. 4, 5, 6 and 7; 32 T.J.2d pp. 59–69, Secs. 24, 25, 26, 28, 29, 30; Wagner v. Westchester Fire Ins. Co., 92 Tex. 549, 50 S.W. 569; 32 T.J.2d 249–254, Secs. 145, 146, 147; Bankers Life Ins. Co. of De Moines, Iowa v. Sone, 5 Cir., 86 F.2d 780; National Life Assurance Co. of Texas v. Neves, (Tex. Civ.App.) 370 S.W.2d 144; Appellant's points 1 through 10 are overruled.

Appellant did not raise its points of error 11 and 12 in its amended motion for new trial in the trial court. The points have been waived. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887. The judgment of the trial court is affirmed.