**Loretta Fay BECK, Plaintiff-Appellee,**

v.

**CONNECTICUT GENERAL LIFE IN-SURANCE COMPANY, Defendant-Appellant.**

**No. 71–1330.**

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 1971.

Rehearing and Rehearing En Banc Denied Feb. 18, 1972.

Robert M. Kendrick, Thomas H. Law, Stone, Tilley, Parker, Snakard, Law & Brown, Fort Worth, Tex., for defendant-appellant.

Bill Atkins, Atkins & Duke, Arlington, Tex., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Defendant-appellant, Connecticut General Life Insurance Co. (Connecticut General), issued a life insurance policy to Jerry D. Beck, who the jury found was

not in good health at the time of the delivery of the policy. Connecticut General denied liability on the policy subsequent to the death of Beck, but Mrs. Beck, the beneficiary, sued and recovered on the policy in the court below. We reverse with directions that judgment be entered for Connecticut General.

■ The usual "good health" clause in a life insurance policy provides that the policy is null and void if the insured is not in good health at the time the policy is delivered to him. Connecticut General urges that its "good health" clause precludes liability in this case since good health is a condition precedent to the validity of the policy under applicable Texas law. We agree. Great National Life Insurance Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602 (1940); American National Insurance Co. v. Lawson, 133 Tex. 146, 127 S.W.2d 294 (1939). Appellee Beck contends, however, that this condition precedent can be waived or that the company can be estopped to assert it. This is not the law of Texas, as the following cases make clear. Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165 (1937); Scott v. Industrial Life Ins. Co., 411 S.W.2d 769 (Tex. Civ.App.—Dallas 1961, no writ); Powell v. American Casualty & Life Co., 250 S. W.2d 744 (Tex.Civ.App.—Dallas 1952, writ ref'd n. r. e.). To the extent that the cases cited in the margin would support appellee's position,[1] they have been overruled by the above cited cases.

■ Mrs. Beck argues in the alternative that the provisions in this particular policy are not such as would constitute the typical good health clause covered by Texas law. The clause she recites reads as follows: "The policy shall not take effect until the policy has been delivered and the first premium paid as above provided during the lifetime of the Insured and prior to any change in his health as shown in the application."

Mrs. Beck fails to note, however, the further provision in the application which became a part of the policy: " * * * no insurance shall take effect unless and until the policy has been manually delivered to and received and accepted by me (us) and the first premium paid during lifetime and good health of the proposed insured * * * " These clauses are in no way conflicting or repugnant. Read together as they must be, they have the same effect of the good health provisions dealt with by the Texas authorities set out above.

■ Beck finally contends that Connecticut General has raised its good health defense too late, i. e., the defense was not raised until after the trial. This contention is without merit. The defense was raised in the pleadings and was submitted to the jury without objection.

In view of this disposition of the case, it is unnecessary to consider the other points raised by Connecticut General. Therefore, the judgment of the district court is

Reversed with directions.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

In her petition for rehearing Mrs. Beck brought to our attention several Texas decisions not originally cited. Most are distinguishable, but two are not. In Texas Prudential Ins. Co. v. Dillard, 158 Tex. 15, 307 S.W.2d 242 (Tex. 1957), the Texas Supreme Court, speaking in dicta, quoted with apparent approval an earlier Court of Civil Appeals case which held that waiver and estoppel could be applied against an insurance company that delivered a policy to an insured with knowledge that he was in bad health. In Legal Security Life Ins. Co. v. Erwin, 372 S.W.2d 750 (Tex.Civ. App.—Texarkana 1963, writ ref'd n. r. e.), the Court of Civil Appeals applied

---

1. National Aid Life Ass'n v. Murphy, 78 S.W.2d 223 (Tex.Civ.App.-Dallas 1934, writ dism'd); Terry v. Texas Prudential Ins. Co., 77 S.W.2d 761 (Tex.Civ.App.-El Paso 1934, writ dism'd); Southern Underwriters v. Jones, 13 S.W.2d 435 (Tex. Civ.App.-Waco 1929, writ ref'd).

waiver and estoppel to prevent an insurance company from asserting a good health clause when it knew at the time the policy was delivered the insured was afflicted with arthritis. On the other hand, Bennett v. National Life and Accident Ins. Co., 438 S.W.2d 438 (Tex.Civ. App.—Dallas 1969, writ dism'd) has been pointed to by Connecticut General as being consonant with our holding.

Although the former two cases clearly raise a doubt as to what the Supreme Court of Texas would hold the applicable rule of law to be today, we continue to believe our initial *Erie* guess to be the correct prediction and therefore adhere to our original decision.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.