JOHN J. FOLEY v. OTTO HOLTKAMP AND WIFE.

Decided February 15, 1902.

**1.—Homestead—Elements of the Right.**

Where in an action to recover certain premises as a homestead and to cancel a sheriff's deed thereto, the jury found in answer to special issues that plaintiffs intended in good faith to occupy such premises as a home, made such preparations as clearly evidenced that purpose, and occupied the premises as a home within a reasonable time thereafter, thus presenting every element which goes to make the homestead right, the court did not err in rendering judgment for plaintiffs on such answers.

**2.—Same—Intention—Acts of Preparation.**

A homestead may be created by intention prior to actual occupancy where it appears that the owner is entitled to exemption as the head of a family, and that this intention has been manifested by such acts as amount to reasonably sufficient notice of it.

**3.—Same—Failure to Promptly Occupy—Excuse.**

The absence of these acts of preparation or a failure to promptly follow them by occupancy and use, may be accounted for, and in measuring the reasonableness of the excuse all the circumstances may be looked to.

**4.—Same—Fact Case—Evidence.**

See evidence held to require the submission of the issues of intention, good faith, preparation, and occupancy within a reasonable time, and such as is held to warrant a finding in favor of the homestead exemption.

Appeal from Harris. Tried below before Hon. Wm. H. Wilson.

*O. T. Holt* and *L. B. Moody,* for appellant.

*McDaniel & West,* for appellees.

GILL, ASSOCIATE JUSTICE.—This suit was brought by appellees, Holtkamp and wife, to recover the title and possession of a piece of real estate and to cancel a sheriff's deed under which appellant Foley claimed to own it.

Appellant answered by general denial and plea of not guilty, and asked in reconvention for title and possession. A jury trial resulted in a judgment for appellees, from which Foley prosecutes this appeal.

Appellant claims the property under sheriff's sale made by virtue of an order of sale issued on a judgment foreclosing an attachment lien in favor of appellant in a suit against Holtkamp for debt. The appellees claim that the property was their homestead at the date of the levy and sale and was therefore exempt. The question of homestead vel non is the controlling issue in the case.

The jury in response to special issues submitted answered that appellee on and prior to the date of the levy intended in good faith to occupy the land as a home. That he had prior to that date done preparatory acts which indicated beyond doubt that he intended to improve the place and use it as a homestead. That these acts consisted of employing one Priest to fence the property. That he had taken actual possession of it as a home about May 15, 1901, and that considering all the circumstances this followed within a reasonable time after the intention so to do was formed.

The testimony in behalf of appellee, Otto Holtkamp, showed that he was a married man and owned no other home than the property in controversy. That he had purchased the vacant lot in 1881 prior to his marriage. Subsequently he moved to Austin County, where he lived for twelve years. From Austin County he went with his family to Deming, N. Mex., where he lived a year and a half. While there he formed the intention to make the land in controversy his home, and moved back to Harris County (where the land was situated) and went into the grocery business, renting a dwelling in Houston. He then employed Priest to fence the property and arranged for the purchase of the material. He also consulted a contractor as to the erection of a dwelling thereon and intended to put down a well, but before the fence was begun Kuhlman & Kolbow took possession of the property, claiming it as their own, and proceeded to place a fence around it. Thereupon Holtkamp instituted suit against Kuhlman & Kolbow to recover the property. This was in 1895, and the suit was not tried until 1898. On March 23, 1898, after judgment was rendered in favor of Holtkamp a motion for new trial was overruled. Notice of appeal was given and statement of facts prepared. No appeal was perfected, but on February 25, 1899, writ of error bond was filed. In this suit a half interest in the property was conveyed by appellees to their attorney as a fee. Holtkamp finally recovered the property, but before the litigation ended Foley attached it (September, 1898) for debt as above mentioned and the proposed improvement of it for a home was further postponed on the advice of appellee's attorney. It was sold under the foreclosure July 4, 1899, Holtkamp giving public notice at the sale that he claimed it as a home. The debt to Foley was incurred in the conduct of the grocery business at Houston and was not secured by a lien on the property. Ten days before the trial Holtkamp constructed upon the land a small cheap house in which two of his boys were living at the date of the trial, but it was not large enough for his family, and he with the rest of his family remained in the city in rented premises. Prior to his suit against Kuhlman & Kolbow he had expressed to several persons his purpose to make it his home, and his purpose to do so was continuous

thereafter, but active preparations were postponed on account of the litigation.

Appellant moved for a judgment upon the answers of the jury, but the motion was overruled. This is assigned as error. It is plain the court did not err in rendering judgment for appellant on the answers of the jury, for the jury found that appellees intended in good faith to occupy the premises as a home, made such preparations as clearly evinced such a purpose and occupied it as such within reasonable time thereafter, thus presenting every element which goes to make the homestead right. The judgment must conform to the verdict, and the trial court had no alternative. This disposes of the first two assignments predicated upon the action of the court on the verdict.

By the third assignment of error the appellants complain because the court submitted to the jury the fourth, fifth, and sixth questions, whether appellees ever took possession of the property within a reasonable time after conceiving the intention to dedicate the property to homestead uses and doing preparatory acts looking to that end. It is contended the evidence was not legally sufficient to present such issues. This assignment is equivalent to a complaint that the court erred in failing to instruct a verdict for appellant.

A homestead may be created by intention prior to actual occupancy when it appears that the owner is entitled to the exemption as the head of a family, and that this intention has been manifested by such acts as amount to reasonably sufficient notice of that intention; the purpose of the law being to require such open evidence of this intention as will prevent the use of this right as a shield for fraud. Wolf v. Butler, 28 S. W. Rep., 51.

In Cameron v. Gebhard, 85 Texas, 610, it is said: "The intention thus to appropriate the property shall not only be found in the mind of the party, but should be evidenced by some unmistakable acts showing an intention to carry out such design, or some sufficient reason should be given why this intention was not demonstrated by such acts." In the same case this general rule is announced: "From the decisions it is apparent that the intention is almost the only thing that may not be dispensed with in some state of case, and it follows that this intention in good faith to occupy is the prime factor in securing the exemption. Preparation * * * is but the corroborating witness to the declaration of intention, the safeguard against fraud, and an assurance of the bona fides of the declared intention of the party." Justice Brown in the same opinion says further: "But the placing upon the premises unhewn logs, for the purpose of erecting thereon the humblest cabin, with a bona fide intention to occupy as soon as the cabin can be built, secures the right."

Questions of this sort most frequently arise where the claimant has bought unimproved property for the purposes of a home. In such case the declared purpose for which the property was bought is necessarily a potent factor in establishing the exemption. But we can perceive no

difference in principle between such a case and this. Here, while it is true the vacant property was acquired years before this controversy arose and at a time when appellee, being unmarried, was not entitled to the exemption, yet after all it is not the purchase for the purpose which secures the exemption, but the intention formed at a time when the party has a right to the exemption and evidenced by the requisite acts.

The absence of these acts of preparation or a failure to promptly follow them by occupancy and use may be accounted for, and in measuring the reasonableness of the excuse all the circumstances may be looked to by the jury. The presence of legal obstacles forbidding occupancy or further preparation has been held to excuse these otherwise requisite acts and permits bona fide intention coupled with declarations to secure the right. Gardner v. Douglass, 64 Texas, 76. As applicable generally, see also Gallagher v. Keller, 29 S. W. Rep., 647.

In this case the claimant had no other home. He returned to Harris County for the purpose of using the property in controversy as such. This intention was not concealed but openly expressed. He contracted to have the property fenced, intended to sink a well, and discussed with a contractor the construction of a suitable dwelling within his means. All this was done at a time when he was solvent so far as the record shows, and the title of the property being in him, he could doubtless have procured the construction of a dwelling by the creation of liens upon the property. All this was arrested by the action of Kuhlman & Kolbow, who asserted title to the property and took possession. This rendered it impossible to proceed with the actual construction of improvements until the claimants were dispossessed. A suit looking to that end was promptly filed and ultimately resulted in his favor. Pending appeal defendant levied his writ, thus further putting the title in question. Under the advice of his attorney he forebore to put valuable improvements upon property which might be adjudged to appellant. We do not think the law required him to commit such an imprudence in order to preserve his right. Prior to the trial of this case he placed some small improvements on the land, but this can not be said to be inconsistent with his former refusal to proceed, for it was done on the advice of other attorneys.

In view of the doctrine announced in the cases cited, it is plain the facts required the submission of the issues of intention, good faith, preparation, and occupancy within a reasonable time. The debt of appellant was not incurred upon the faith of the property, was secured by no lien upon it, and appellee notified appellant prior to his purchase at execution sale that the property was homestead. While much time has elapsed since the intention was formed and the slight acts of preparation made, it appears that at no time during the intervening years has the property been free from litigation.

Under the testimony, considered as a whole, we can not say that the findings of the jury are so against the weight of the evidence as to require our interference. We do not mean to say the case is a strong one, or that if primarily presented to us we would have reached the same

conclusion. But that alone would not justify us in disturbing the verdict on the facts.

The effect of what has been said disposes of all the assignments. Finding no reversible error, the judgment is affirmed.

*Affirmed.*

Writ of error refused.