**SOMMERS et ux. v. STOUT.**

No. 1503—5793.

Commission of Appeals of Texas, Section A.

Jan. 6, 1932.

Terrell, Davis, McMillan & Hall, of San Antonio, for plaintiffs in error.

John P. Pfeiffer, of San Antonio, for defendant in error.

CRITZ, J.

This suit was filed in the district court of Bexar county, Tex., by F. D. Stout against Jake W. Sommers and wife to recover on an alleged mechanic's lien note for $3,200, to foreclose such lien, and for receivership during pendency of the suit. The note and lien were originally given to one Charles H. Baxter and by him transferred and assigned to Stout.

Sommers and wife answered and filed a cross-action against Stout, Baxter, and one Marshall. Marshall was the trustee in the deed of trust. It seems that Baxter was not served, and by agreement of the parties was dismissed from the suit. Sommers and wife pleaded that the property was their homestead, and further pleaded failure of consideration, and failure to substantially perform the building contract.

The case was submitted to the jury on special issues and, based on the answers thereto, judgment was entered for Sommers and wife. On appeal to the Court of Civil Appeals at San Antonio, the judgment of the district court was reversed, and the cause remanded for a new trial. 28 S.W.(2d) 247. Sommers and wife bring error.

In answer to a proper question submitting that issue, the jury found that Baxter did not erect the improvements in substantial compliance with the contract. The Court of Civil Appeals has seen fit to exercise its jurisdiction and pass on the sufficiency of the evidence to sustain the above findings, and has held the evidence insufficient to sustain the same. Furthermore, the Court of Civil Appeals has held the verdict as to this question against the weight of the evidence. The Court of Civil Appeals having passed on a question of fact, and remanded the cause for a new trial, its judgment must stand, as no question of law is involved. The finding of the Court of Civil Appeals on a fact issue is binding on this court. We here call attention to the fact that the Court of Civil Appeals has not attempted to substitute its finding of fact for the finding of the jury by rendering the cause, but has merely exercised its jurisdiction to pass on the sufficiency of the evidence. Having done this, the judgment remanding the cause must stand. We shall therefore only pass on such assignments in the application as in our opinion are necessary to enable the district court to correctly retry the case.

The building contract and lien here sued on contains the following stipulation: "It is especially agreed that the entering by the party of the first part into possession of said improvements or the acknowledgment by the party of the first part of the completion of the contract, as well as any other sufficient proof, shall be conclusive evidence that all duties and obligations of party of the second part have been fully and completely performed."

Party of the first part is Sommers and wife, and party of the second part is the contractor, Baxter.

As we understand the opinion of the Court of Civil Appeals, it holds that the above provision of the contract is valid and binding even though the contract involves a homestead. The Court of Civil Appeals is in error in this holding.

Under the provisions of section 50 of article 16 of our state Constitution the homestead of a family is protected from forced sale for the payment of all debts with certain exceptions. One of these exceptions is "for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead. * * *"

It is the settled law of this state that the homestead is protected against a mechanic's lien for improvements thereon, except in a case where such improvements are contracted for with the consent of the wife in the manner provided for by the Constitution, and such lien can attach only from the performance of a contract so made. Murphy v. Williams, 103 Tex. 155, 124 S. W. 900.

In the Murphy Case, supra, our Supreme Court, speaking through Judge Williams, exhaustively reviewed the authorities bearing on the subject and held that the only way that a mechanic's lien could be fixed on a homestead was by full compliance with the provisions of section 50, article 16 of our state Constitution in the making of the contract, and that one who has not substantially performed his part of such contract cannot maintain an action on the contract for its enforcement, though he may sometimes be allowed to recover upon a quantum meruit. Of course, where the recovery is on a quantum meruit, and not on the contract itself, no foreclosure of the lien can be had. Id.

We think that it is not competent for the parties to a contract for improvements to be erected on a homestead to attempt by the contract to set aside the plain provisions of the Constitution and agree in advance what shall be conclusive evidence of substantial compliance with the contract, and that on another trial of this case that issue must be determined just as though the contract did not contain the above-quoted provision. If the husband and wife can, by an agreement in writing made in advance, bind themselves as to what will constitute conclusive evidence as to performance, then they can, by contract, agree on what shall constitute conclusive evidence as to the taking of the wife's separate acknowledgment or any other constitutional

prerequisite. We wish here to remark that, as we understand this record, there is no contention that Stout is an innocent purchaser, or that he stands in any better position with reference to the matters above discussed than Baxter would occupy were he bringing the suit.

We recommend that the judgment of the Court of Civil Appeals, which reversed the judgment of the district court and remands the cause for a new trial, be affirmed, but that on another trial the district court shall be governed by this opinion, where it conflicts with the opinion of the Court of Civil Appeals.

CURETON, C. J.

Judgment of the Court of Civil Appeals is affirmed, with instructions, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.