## BARTELS et al. v. HUFF.

### No. 9209.

Court of Civil Appeals of Texas. San Antonio.

Dec. 20, 1933.

Rehearing Denied Jan. 24, 1934.

O. N. McNeil, of Raymondville, and G. C. Morris and Joe L. Hill, both of San Antonio, for plaintiffs in error.

R. S. Dorsett, of Raymondville, for defendant in error.

MURRAY, Justice.

This suit was instituted by plaintiffs in error against defendant in error seeking a foreclosure of an alleged lien on certain land located in Willacy county. The lien is alleged to have been created by the abstracting of a judgment. Defendant in error's sole defense is that the land involved is his homestead.

The record discloses, among other things, that the land involved herein embraces about 161 acres; that there is no house on the land; that defendant in error owns no other land and intends to make this land his home. He had cleared some 22 acres, drilled two wells, and planted some fruit trees, and had been unable to erect a house on the land due to shortage of money. He and his family are residing on rented premises in the city of Raymondville.

The cause was tried before the judge, without the intervention of a jury, and judgment rendered denying the lien and the foreclosure of the same. The following facts are found in the judgment: "That the defendant, R. W. Huff is the head of a family; that the above described real estate consists of less than two hundred acres and is not situated in a town or city; and that said above described real estate and premises is the homestead of the defendant R. W. Huff."

It is true that there was no previous occupation of this land as a homestead, but the evidence shows and the trial judge found that there was a bona fide intention to dedicate the property as a homestead, accompanied with such acts of preparation sufficient to amount to notice of a dedication. This is sufficient to impress the property as a homestead and entitle defendant in error to claim the same free from any judgment lien. Atkinson v. Jackson Bros. (Tex. Civ. App.) 259 S. W. 280; Espinoza v. Cocke, 276 S. W. 1095 (Tex. Com. App.); Teller v. Fitch (Tex. Civ. App.) 281 S. W. 893.

The judgment is affirmed.