## FORT WORTH PROPERTIES CORPORATION v. BAHAN.

No. 12916.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 6, 1934.

Samuels, Foster, Brown & McGee, of Fort Worth, for appellant.

Rufus S. Garrett, of Fort Worth, for appellee.

DUNKLIN, Justice.

The Fort Worth Properties Corporation has prosecuted this appeal from a judgment in favor of the plaintiff, Miss A. E. Bahan, for $1,386.35 as commission alleged to have been earned by her for services rendered at the defendant's instance, which was the procuring cause of a lease of a certain store building in the city of Fort Worth to Mrs. Irene Loicano for a period of five years.

Following were the issues submitted to the jury with their findings thereon:

"1. Was the plaintiff Miss Bahan the procuring cause, as that term is defined to you by the court, of the lease made between the defendant Fort Worth Properties Corporation and Mrs. Irene Loicano?

"By the term 'procuring cause' inquired about in the foregoing issue is meant that cause which in a natural and continuous sequence, unbroken by any new independent intervening cause, produces an event, without which it would not have occurred, and in order for the broker to be the procuring cause of a lease the broker must be the proximate cause of such lease, and the proximate cause is the efficient producing cause, and the orig-inal cause which produces all of the intervening causes and effects which constitute an unbroken chain of events, which lead without any missing link to the ultimate result, namely, the closing of the lease.

"Answer: Yes.

"2. What was the usual and customary commission charged by rental agents in the City of Fort Worth at the time the lease in question was consummated, on long-term leases similar to the lease in question?

"Answer in terms of per cent. Answer 3%.

"Defendant's special requested issue No. 3.

"State and find from the preponderance of the evidence whether Irene Loicano, the lessee in the leasehold contract in evidence before you, entered into and executed the lease in question with the Fort Worth Properties Corporation independently of any procurement of influence of the plaintiff, A. E. Bahan?

"Answer: No."

The cause of action pleaded by the plaintiff was that she was employed by John T. Jones, the authorized representative of the defendant, to procure a lessee for the premises in question, and that, acting under such employment, she found such a lessee in Mrs. Loicano, to whom the lease was made and that her services were the procuring cause of its consummation and were of the reasonable value of $1,269. Plaintiff testified to such employment, but her testimony in that respect was flatly denied by John T. Jones. That issue was not submitted nor did plaintiff request its submission; and the trial court refused defendant's request that it be submitted.

The alleged employment of the plaintiff by the defendant to find a lessee for the property was the primary and essential fact necessary to make out her case as pleaded. And under the doctrine announced by the Supreme Court in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, which has been followed in many subsequent decisions, plaintiff might be held to a waiver of that necessary element of her cause of action by her failure to request the submission of that issue. And if the court had rendered a judgment in favor of the defendant, it might have been sustained by reason of that waiver alone. However, appellant has presented no assignment of fundamental error based on such waiver; and in view of the conclusion we have reached that the judgment should be reversed for other errors noted, we shall not attempt to

determine whether or not we would be authorized to say that the record showed fundamental error in that respect, in the absence of such an assignment of error.

■ We conclude further that the court erred in submitting the question of what was the usual and customary commission charged by the rental agents in the city of Fort Worth at the time the lease in question was consummated, over the objection urged by counsel for defendant at the time that the reasonable market value of plaintiff's services for which she sued would be the measure of her damages if she is entitled to recover, rather than the customary commission charged by such agents.

If there had been a specific agreement on the part of defendant to pay such customary commission, then the same would be recoverable by reason of that contract. But in the absence of such a contract, the measure of her damages would be fixed by law, to wit, the reasonable value of her services. While testimony as to what such brokers customarily charged for such services would be admissible to show the reasonable value thereof, yet that custom would not necessarily fix such value. It would be in the power of real estate brokers by some concert of action to adopt a scale of charges for their services which would exceed the reasonable value thereof.

■■ It is a universal rule of decisions of this state that a defendant has the right to have submitted to the jury, in an affirmative form, any group of facts, which evidence, introduced under proper pleadings, would, if true, establish a defense to plaintiff's suit. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; National Cash Register v. Rider (Tex. Com. App.) 24 S.W.(2d) 28, 31; Greer v. Thaman (Tex. Com. App.) 55 S.W.(2d) 519. And numerous other decisions might be cited announcing the same doctrine. Under the rule of those decisions the defendant had the right, in the first instance, to a submission of the issues requested by it as to whether or not the rental contract in question was effected as the result of negotiations by John T. Jones and Clay J. Berry, agents of the Fort Worth Properties Corporation with Mrs. Loicano. The testimony of John T. Jones, Clay J. Berry, the manager of defendant's properties, and Mrs. Irene Loicano, the lessee, was ample to support a finding in favor of defendant on that issue. But the defendant waived its right to have that issue of fact submitted in an affirmative form, since the court had already given its requested special issue No. 3, shown above. The issue so given presented the same defense in general terms, and to have submitted another in more specific terms would have been objectionable on the ground of undue emphasis of that defense.

■ There was further testimony tending to show that after plaintiff had gone to the office of John T. Jones in company with Mrs. Loicano and there sought to induce the leasing of the property to Mrs. Loicano, she abandoned further efforts to consummate the lease, and thereafter the lease was consummated through the efforts of Berry and Jones. Under such circumstances, the defendant had a right to the submission of the issue of abandonment by plaintiff, and subsequent lease through the efforts of defendant's agents; under the doctrine of numerous decisions in this state, such as cited in 7 Tex. Jur. p. 428, § 40, including Parkey v. Lawrence (Tex. Com. App.) 284 S. W. 283, 286; Cox v. Cooper (Tex. Civ. App.) 11 S.W.(2d) 601, 604; Harper v. Davis (Tex. Civ. App.) 295 S. W. 1112. The leading case cited and followed in those decisions was Goodwin v. Gunter, 109 Tex. 61, 185 S. W. 295, 195 S. W. 848, opinion by Chief Justice Phillips.

For the reasons noted, the judgment of the trial court is reversed and the cause is remanded.