## ALLISON et al. v. WHELESS.

### No. 9570.

Court of Civil Appeals of Texas. San Antonio.

May 22, 1935.

Rehearing Denied July 2, 1935.

Frank Hartgraves, of Menard, for appellants.

F. T. Neel, of Menard, and J. K. Baker, of Coleman, for appellee.

MURRAY, Justice.

Appellants, W. W. Allison and M. E. Hinkle, instituted this suit against appellee, H. H. Wheless, seeking to recover the sum of $1,430 alleged to be the amount of commission due by appellee to appellants for their services as real estate brokers in securing a purchaser for appellee's 2,860 acres of land.

The cause was submitted to a jury on one special issue, as follows: "Special Issue No. 1, Was the contract wherein defendant listed the 2860 acres of land with plaintiff for sale, terminated prior to the procurement of a purchaser by plaintiff? Answer 'Yes' or 'No.'"

This special issue was answered by the jury in the affirmative, and judgment, ac-

cordingly, rendered in favor of appellee, from which judgment Allison and Hinkle present this appeal.

Appellants complain that this question submitted only the issue of an express contract, while their suit was based not only upon an express contract, but an implied contract, and on quantum meruit.

■ Appellants could not recover herein upon a quantum meruit basis because the allegations and proof are insufficient to show that appellee received any benefit as a result of appellants' efforts in securing a purchaser for his land, and, likewise, the allegations and the proof show an express rather than an implied contract.

■ The issue as submitted did not refer either to an express or an implied contract, but simply to a contract. The evidence was sufficient to sustain the verdict of the jury wherein they found that the listing contract had been terminated before appellants found a purchaser for the land. This would preclude appellants from recovering, and it would be immaterial whether the contract was express or implied.

■ Appellants further complain of alleged misconduct of the jury in that the foreman of the jury in effect told the jury that if they answered the special issue submitted "yes" it would be a finding in favor of appellee, and if they answered it "no" it would be a finding in favor of appellants. It occurs to us that a case like this, with only one issue submitted and but one issue really in the case, it was a perfectly obvious fact that an answer of "no" would be a favorable finding for appellants, and an answer of "yes" favorable to appellee. It has been definitely decided in this state that telling the jury something that they already know is not misconduct. Furthermore, it was shown that no juror was influenced by these remarks of the foreman.

Finding no error in the record, the judgment will, accordingly, be in all things affirmed.

### On Motion for Rehearing.

Appellants, in their motion for a rehearing, call our attention to the fact that the following statement, contained in our opinion, to wit, "Furthermore, it was shown that no juror was influenced by these remarks of the foreman," is not supported by the evidence. We acknowledge this error and such statement is withdrawn, but we adhere to our holding that the statement made by the foreman did not amount to misconduct of the jury requiring a reversal.

Appellants also complain because we did not directly pass upon several of their assignments of error. We will here do so.

■ Appellants' fifth assignment of error presents the contention that the court should have first asked if the contract was terminated before asking whether or not it was terminated before a purchaser was secured by appellants. This assignment presents no error. The undisputed evidence shows that the contract was terminated, the only important inquiry being whether or not this occurred before a purchaser was secured.

■ The effect of appellants' sixth and seventh assignments of error is to complain because the court placed the burden of proof upon appellee to show from a preponderance of the evidence that the contract of listing had been terminated before a purchaser was secured by appellants. If this was error, it was error inuring to the benefit of appellants. Certainly, appellants could have gained no benefit by having the burden shifted to them of establishing the negative of this matter.

■■ By their eighth assignment appellants complain of not being permitted to ask appellee a certain question and have his answer given thereto, the substance of which is, if appellee had not since sold the land at $10 per acre; appellee having given as his reason for canceling the listing contract that the price of livestock, wool, and mohair had advanced in the spring of 1933. There is no contention that appellee had sold his land to a purchaser secured by appellants. The extent of cross-examination is, to a large degree, addressed to the sound discretion of the trial judge, and there was no abuse of this discretion on his part in not permitting an inquiry as to what had been done with the land after all relations between appellants and appellee had unquestionably been terminated.

■ Appellants' tenth assignment of error is as follows: "The court erred in refusing to grant plaintiffs' motion for new trial as asked for in paragraph No. 1, of their motion for new trial, and in receiving a verdict and entering a judgment thereon, neither of which were supported by the evidence, but both were contrary to the evidence."

This assignment is entirely too general to require consideration by this court, but, nevertheless, we find ample evidence supporting the finding of the jury, and this assignment is overruled.

Appellants' motion for a rehearing will be in all things overruled.