**TRAMONTE v. A. J. RASMUSSEN & SONS, Inc.**

No. 11490.

Court of Civil Appeals of Texas. Galveston.

Dec. 17, 1942.

Crawford & Borofsky and Ralph Crawford, all of Galveston, for appellant.

Terry, Cavin & Mills, of Galveston, and J. G. Howard, of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order of the district court of Galveston County, Texas, sustaining the appellee's special exception to appellant's second amended original petition. Upon appellant's refusal to amend his pleadings, his cause of action was dismissed. He has appealed from that action of the trial court.

Appellant, D. S. Tramonte, brought this action in the trial court for the recovery of certain sums alleged to have been the reasonable costs of labor and material expended by him in making certain improvements and alterations in a store building located in the City of Galveston, Texas. Appellant alleged that he had agreed to lease said store building to appellee, A. J. Rasmussen & Sons, Inc., for a term of five years and that appellee had agreed to pay a monthly rental therefor; that in order to make the premises suitable for the use to which appellee desired to put them, and at appellee's request, appellant had agreed to make said alterations and install said improvements therein; but that after the alterations and improvements had been made, appellee had refused to take possession of the premises and had advised appellant that it would not lease the building nor occupy the premises. Appellant's action was based on quantum meruit. No written lease or agreement was executed by the parties.

To the above allegations in appellant's petition, appellee leveled the following special exception: "Defendant specially excepts to plaintiff's second amended original petition in so far as the same attempts

to allege a cause of action on a quantum meruit basis, for the reason that the allegations in that petition are insufficient in law upon which a recovery for quantum meruit can be had. In this connection, defendant says that the allegations in said petition affirmatively show that the alleged expenditures made by plaintiff in no way benefited or enriched the defendant, of which special exception defendant prays judgment of the court."

■ Actions based on quantum meruit to recover the reasonable value of materials furnished or services rendered, in the absence of an express contract to pay therefor, or where there is a contract which, for some reason, is unenforceable, such as the contract in the instant case, which is alleged to be unenforceable for the reason that it is violative of the Statute of Frauds, Vernon's Ann.Civ.St. art. 3995, are maintainable in Texas on the theory that no person can conscientiously retain the benefits of another's labor without paying a reasonable compensation therefor.

An essential prerequisite to any such liability, however, is the acceptance of benefits by the one sought to be charged, rendered under such circumstances as reasonably to notify him that the one performing such services was expecting to be paid compensation therefor. Dallas Joint Stock Land Bank v. Colbert, Tex. Civ.App., 127 S.W.2d 1004.

In reversing the Colbert case upon other grounds, the Commission of Appeals (136 Tex. 268, 150 S.W.2d 771, 773), quoting from the case of Rogers-Hill Co. v. San Antonio Hotel Co., Tex.Com.App., 23 S.W.2d 329, said: "The principle is well established that, where one receives a benefit by accepting the services of another, even though performed in pursuance of an invalid or illegal contract, nevertheless such person is bound upon the plainest principles of equity for the reasonable value of such services."

Volume 27, Corpus Juris, at page 363, in discussing the above rule, says: " * * * the promise to pay is implied, not from the services alone, but from the benefits to defendants as well, and if the defendant has received no benefit, as, for instance, where work has been performed on a chattel which is never delivered, there can be no recovery."

While we have been cited to no decisions by the courts of this State involving the questions here presented under a similar state of facts, and have found none, the exact question involved herein has been decided contrary to appellant's contentions by the courts of other states.

In the case of Peoples National Bank v. Magruder, 77 Fla. 235, 81 So. 440, 444, the Supreme Court of the State of Florida, in passing upon a similar question of law under a slightly different state of facts, in its opinion said: "We think there is a distinction between an agreement of one to build a house for another upon the latter's agreement to take a five years' lease when the house is completed, and an agreement between a landlord and his tenant in possession whereby the landlord makes improvements for the tenant's benefit and enjoyment upon the latter's promise to make another lease. In the first instance, the consideration for the promise is the occupancy of the building which the proposed tenant expects to enjoy. In the latter case the tenant actually receives and enjoys the consideration, which is the improvement made at his request."

The court in that case permitted the landlord to recover on the ground that the tenant, having enjoyed the use of the alterations, was benefited even though the rental agreement was within the Statute of Frauds.

In the case of Fabian v. Wasatch Orchard Company, 41 Utah 404, 125 P. 860, L.R.A.1916D, 892, the Supreme Court of the State of Utah held that, under a contract void under the Statute of Frauds, a plaintiff might recover where it appeared that the defendant had actually received or would receive some benefit from the acts of part performance, and that it was immaterial that the plaintiff may have suffered a loss because he is unable to enforce the contract.

The above rule has been followed by the courts of the State of Massachusetts in the case of Dowling v. McKenney, 124 Mass. 478, and by the courts of the State of New Jersey in the case of Banker v. Henderson, 58 N.J.L. 20, 32 A. 700, under states of fact similar in all material respects to those in the instant case.

■ Applying the rules laid down in the above authorities to the facts in the instant case, we think that the trial court properly sustained appellee's exception.

It is true that appellant's petition contains an allegation that his labor and

material benefited appellee. However, in the light of the specific fact allegations contained therein, from which it affirmatively appears that appellee was never at any time in possession of said premises or enjoyed the results of appellant's labor or material, such general allegations can not be relied upon to overturn the action of the trial court in sustaining appellee's special exception.

The judgment of the trial court will be in all things affirmed.

Affirmed.