### BRATCHER v. MOORE et ux.
### No. 5948.

Court of Civil Appeals of Texas. Amarillo.
Feb. 21, 1949.

Joe S. Moss, of Post, for appellant on appeal only.

Carlton P. Webb, of Post, for appellees.

PITTS, Chief Justice.

Appellant, F. M. Bratcher, sued appellees, R. A. Moore and wife Helen Moore, for a debt in the sum of $2660.45 for labor performed and material furnished in building a house for appellees. Appellant likewise sued for the foreclosure of a mechanic's and materialman's lien but the evidence shows that no such lien was ever executed and he therefore failed to show the benefits of such a lien. Appellees denied liability, pleaded the premises were their homestead and that the construction work was not done in a workmanlike manner. The case was tried by the court without a jury and judgment was rendered denying appellant any recovery from which judgment an appeal was perfected to this court. Appellant's counsel who perfected this appeal did not participate in any of the proceedings had in the trial court.

There is little controversy about the facts in this case. The record reveals that appellees owned and occupied a home that had been partially paid for by them in Post, Texas. The said home was almost completely destroyed by fire on March 10, 1947. Both parties pleaded and both parties testified that appellee, R. A. Moore, entered into an oral agreement with appellant to rebuild the house for appellees on the same lot occupied by the former house according to purported plans and specifications examined and approved by both parties but not signed by either party. It is admitted by both parties that the total original contract price agreed upon was $3865 but by mutual agreement changes were made that resulted in an increase of the price fixed by the original contract. Appellant contends that the original contract price was increased to $4660.45 while appellees contend that the modifications raised the contract price to $4125. It is admitted by both parties that appellees paid appellant the sum of $2000 on the contract, which sum was a part of the proceeds of the insurance appellees received as a result of the fire when their previous home burned. Appellees visited the building and inspected the work on numerous occasions during the process of building and by mutual agreement appellee, R. A. Moore, did some of the plumbing, wiring for lights and inside painting of the house. Appellee, T. A. Moore, made an agreement orally with the agent of a loan company to float a loan on the new house and informed appellant that he had arranged for a loan on the house to pay appellant the balance due for labor and material. It seems that neither party knew at the time they entered into the

original contract that the law requires the execution of a mechanic's and material-man's lien before the material is furnished or the labor is performed in the construction of a homestead for a married man or making repairs or improvements thereon and the placing of the same of record before a loan secured by such a lien can be legally made to pay for such construction or repairs or improvements thereon. Both parties admitted that it was their intention to do all that was legally necessary to procure the loan. As evidence of good faith on the part of both parties, appellee R. A. Moore procured from appellant, after the house was completed, copies of all bills and specifications and called the agent of the loan company over to prepare such papers as were necessary to procure the loan. The agent inspected the papers and asked for evidence of a mechanic's and materialman's lien but Moore told the agent none had been executed and that he did not know such was necessary. The agent advised Moore that a loan could not be made by him without such a lien. Moore was still willing to execute such a lien in order to procure the loan but the agent would not accept such after the building had been completed. Appellee, R. A. Moore, testified that he had accepted the building and moved into it with his family but he was not fully satisfied with the workmanship. He further testified about defects in the workmanship and estimated that it would cost $1600 or $1800 to correct such defects. About the only controverted testimony given by the parties was that concerning the workmanship and the value of the additional cost of the mutual changes made in the construction of the building. On August 11, 1947 appellant executed and filed in the office of the County Clerk of Garza County his affidavit as authorized by law showing a bill and a claim for the amount of money and the cost of the labor he was claiming against appellees for construction of the building but the trial court held that such was of no consequence since the house and premises constituted the homestead of appellees and appellant had knowledge of such throughout the proceedings, yet failed to require the execution of a proper lien in order to protect his rights.

At the request of appellant the trial court made and filed lengthy findings of fact and conclusions of law and denied appellant any recovery either on the contract or on quantum meruit. The trial court found and concluded that appellant should not recover on the contract because he had not done the construction work in a workmanlike manner and that he should not recover on quantum meruit because he had declared on the oral contract and had not pleaded quantum meruit. Appellant challenges such findings and conclusions of the trial court. He contends that inasmuch as appellant furnished material and did the work by mutual agreement of the parties and such was done in good faith and appellees accepted the benefits of his efforts and moved into the house, they are liable to him for at least a reasonable sum for such material and services and that the pleadings and evidence support a reasonable recovery for such. It appears to us that the record supports the contention of appellant under the laws of this State. Certainly appellant must be entitled to some sort of an adjustment for the material furnished and his labor performed in constructing the house since such was done under contract and by mutual agreement of the parties and appellees accepted the building after it was completed and moved into the same. If appellees feel that the labor performed was not done in a workmanlike manner, they are entitled to plead and prove such and to plead and prove the cost of correcting any defects found and have the amount therefor adjudged to them as an offset to be deducted from the reasonable cost of the material furnished by appellant that went into the house and his labor performed in its construction. Such a principle of law was recently enunciated by this court in a suit involving repairs made on an automobile. Manzer v. Barnes, Tex.Civ.App., 213 S.W.2d 464. However, it has been held that an owner of such a constructed building is estopped to deny that the contractor did not fully comply with the specifications agreed upon in a written

contract where alterations and additions are made and added by oral agreement of the parties and where the contract has been substantially complied with and the owner has accepted the building as complete and taken possession of it. . Collins v. Hall, Tex.Civ.App., 161 S.W.2d 311. In the instant case appellant pleaded estoppel in his own way but the trial court overruled his claim based on such a plea.

It has likewise been consistently held that a failure to do the work in a workmanlike manner in such a case does not deprive the builder of the right to recover something either under the terms of the contract or an a quantum meruit basis and such a recovery is usually a just and reasonable amount awarded for what the contractor actually spent and did on the job, especially in view of the fact that the owner accepted the building, took possession of it and was receiving the benefits of the contractor's labor and material furnished. Collins v. Hall, supra; Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031; 7 Tex.Jur., Page 576, Section 30; Page 578, Section 31; Page 617, Section 59; Page 618, Section 60; Page 619, Section 60, and numerous other authorities therein cited.

■■ If the trial court found that for any reason appellant was not entitled to recover on the contract, it is our opinion that it erroneously concluded that appellant was not authorized to recover on quantum meruit. The trial court says it refused recovery on quantum meruit because appellant declared on the oral contract and did not properly plead on quantum meruit. We find that appellant's pleadings are in two counts and are very lengthy. In his pleadings appellant did not use the term "quantum meruit" but he pleaded in his own way the terms of the oral contract in part, pleaded that the material was furnished and the work was done, the building had been completed and accepted by appellees and he attached to his pleadings a copy of the verified claims of the account and made the same a part of his pleadings. The said claim was introduced in evidence and it showed he was claiming a "just and reasonable" sum for

the material furnished by him and his labor. Appellees did not except or object to any part of appellant's pleadings. In order to recover the reasonable value for services rendered and material furnished, petitioner needed only to state the necessary substantive facts on which the claim is based. 45 Tex.Jur. 331, Section 21, and other authorities there cited. However, the parties could not agree on what would be a just and reasonable sum for the material furnished and the labor performed and the trial court made no finding as to what would constitute a reasonable sum for such labor and material. Under the rules of law laid down by Judge Smedley in the Colbert case heretofore cited appellant was entitled to recover something on his alleged cause of action whether he recovered on the oral contract or quantum meruit. His pleadings were sufficient to support a recovery either on the contract or on quantum meruit and it is our opinion that the trial court erroneously denied appellant any right of recovery under the record in this case. Its judgment is therefore reversed and the cause is remanded.