**CITY OF HOUSTON, Appellant,**

v.

**M. B. HENDRIX et ux., Appellees.**

No. 11135.

Court of Civil Appeals of Texas.

Austin.

Jan. 8, 1964.

Rehearing Denied Jan. 29, 1964.

R. H. Burks, City Atty., Joseph G. Rollins, Senior Asst. City Atty., Houston, for appellant.

E. P. Dee, Houston, for appellees.

HUGHES, Justice.

This is a condemnation suit in which the only questions presented relate to the amount of damages awarded by the jury to appellees, the City of Houston, appellant contending that such award is excessive and that the jury finding is contrary to the overwhelming weight and preponderance of the evidence.

The property condemned was .72 of an acre on which was located four rent houses. The gross annual rent from these houses was $2,520.00, when all were rented.

Mrs. Mildred P. Hendrix testified for herself and her husband since he had a hearing impediment. She testified that she and her husband had been married to each other for 32 years; that they bought the subject property in 1940 for the purpose of improving it for rental purposes.

Mrs. Hendrix testified that the first of the four houses was built on the property in 1950; that it was a frame house having sheetrock and asbestos siding and cedar shakes with double walls and sheetrock; that it had four rooms, running water from a deep well on a portion of the property not condemned, bath and water heater. This house rented for $50.00 per month.

Mrs. Hendrix described the second house built on the property in 1952 or 1953 as having two bedrooms, a combined kitchen and living room; that it rested on cement blocks, had a composition roof, sheetrock inside with termite shields, natural finished woodwork, formica drainboard, water heater. This house had trees around it. This house also used water from the deep well mentioned above, and it rented for $50.00 per month.

The third house built on the property in 1956 or 1957 Mrs. Hendrix described as being the same as the second house except that it had asbestos siding with cedar shakes at the bottom, and it had a tile drainboard; it also had a carport, and had several trees around it.

The fourth house, built in 1960, was a larger house than the others; it had two bedrooms, a living and dining room, a kitchen and back porch. It had a tile bathroom, tile drainboard, built-in china closets, larger room closets than in the other houses. It also had a double garage. It rented for $60.00 per month.

Each of the four houses had a septic tank costing $500.00.

Without describing other improvements to the property made by appellees we list them and the cost attributable to each: gas lines $396.00, gas meters $185.00, three light poles $105.00, concrete pipe for culverts $500.00, clothes lines $60.00, trees $500.00, carpet grass $100.00.

Mrs. Hendrix testified that the houses were vacant very little, that the maintenance and other expenses were small, the taxes being only $12.00 per year until the property was annexed by the City of Houston.

The land allotted to each house was approximately 80′ x 100′ or 8000 square feet. No accurate measurement or allotment was made.

Mrs. Hendrix, without objection, testified to the market value of these houses and the land surrounding them as follows: 1st house, $7000.00; 2nd house, $7000.00; 3rd $7000.00; 4th house, $9000.00; a total of $30,000.00.

The evidence is clear that the cost of the septic tanks was included in these values. It is not clear that costs of other improvements listed were so included.

Appellees used only one other witness, Mr. Harold J. Sonsel, a professional real estate appraiser. He appraised the improvements at $16,455.00, extras at $1620.00 and the land at $2729.00, a total of $20,-804.00.

Appellant's expert value witnesses were Mr. J. H. McCardle and Mr. Donald F. Douglas.

Mr. McCardle appraised the four houses at $16,050.00, the value of the land taken at $1,441.00, the value of extras at $680.00 or a total of $18,171.00.

Mr. McCardle based his land value on similar sales. The nearest comparable sale to the subject property was at least a mile distant and two years prior to its condemnation. It also appears that some of such sales were in an addition which adjoins the Houston International Airport, and yet were made at a higher price per acre than the value placed by the witness on this property which was a mile or two further from the Airport. We pause here to say that it is a matter of common knowledge that proximity to an airport, especially one of the dimensions of the Houston International Airport, depresses residential values. Even though appellee's property was in a flight pattern of the Airport, its distance from the field would lessen the nuisance created by it.

Mr. Douglas appraised the four houses at $8375.00. He gave no opinion of the value of the land.

The market value of the land and improvements, as found by the jury, was $23,501.16. The Trial Court rendered judgment in this amount.

We have stated, in substance, all the evidence bearing on the issue of damages and on the points presented by appellant relating thereto. Viewing such evidence, and the record as a whole, it is our opinion that the verdict of the jury is not excessive and it is not so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust or wrong.

We believe we can do no better than to quote from the opinion of Associate Justice Gray in writing for this Court in State v. Haire, Tex.Civ.App., 334 S.W.2d 488, writ ref., n. r e, in order to express our

view of the function of opinion evidence as to value:

"The market value of property necessarily is a matter of opinion. McCormick & Ray, Texas Law of Evidence, § 1422, Vol. 2, p. 256; 16 Tex. Jur. p. 584, § 255. The testimony of witnesses qualified to express their opinions as to the market value of property is admissible to aid the jury in determining such value, however, the jury is not bound by such testimony. Nass v. Nass, 149 Tex. 41, 228 S.W. 2d 130. In Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943, 945, it is said:

"'The opinion testimony of experts, although persuasive, under most circumstances is not conclusive. It is peculiarly within the province of the jury to weigh opinion evidence, taking into consideration the intelligence, learning, and experience of the witness and the degree of attention which he gave the matter. The judgments and inferences of experts or skilled witnesses, even when uncontroverted, are not necessarily conclusive on the jury or the trier of facts, unless the subject is one for experts or skilled witnesses alone where the jury or the court cannot properly be assumed to have, or be able to form, correct opinions of their own based upon the evidence as a whole and aided by their own experience and knowledge of the subject of inquiry.'

"In Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62, 64, it is said:

"'Jurors in weighing the evidence before them have a right to use their common knowledge and experience in life. If the opinions of the experts as given in evidence do not comport with the jurors' ideas of sound logic, the jurors have a right to say so. Otherwise there could not be a free discussion of the evidence in the jury room. * * *'

"The answer of the jury to the issue is within the limits of the market value of the property as testified to by the witnesses. It is true that no witness testified that such value was $53,000. However, this was not necessary in order for such answer to find support in the evidence. State v. Littlefield, Tex.Civ.App., 147 S.W.2d 270, er. dism. j. c. If the above rules were not applicable then opinion evidence would control rather than aid the jury in determining market value."

There were three professional appraisers testifying in this case, one for appellees, two for appellant. The professional witness for appellees was about $10,000.00 under the value placed on the property by Mrs. Hendrix. He was about $3000.00 under the value found by the jury.

Appellant's witness McCardle was about $5000.00 under the jury, and about $12,000.-00 under the value fixed by Mrs. Hendrix.

Appellant's witness Douglas, who appraised only the improvements, was about $8000.00 under the value placed on them by appellees' witness Sonsel and also about $8000.00 under the value placed on them by his co-witness, appellant's expert McCardle.

In view of this disparity of opinion evidence, it seems to us that it was most appropriate for the jury to take a hand and apply their common sense and experience to a fair solution of this controversy. This we believe it did.

The judgment of the Trial Court is affirmed.

Affirmed.