The HOUSTON LUMBER SUPPLY COMPANY et al., Appellants,

v.

Leo WOCKENFUSS et ux., Appellees.

No. 14408.

Court of Civil Appeals of Texas.

Houston.

Jan. 14, 1965.

Rehearing Denied Feb. 4, 1965.

Charles M. Leftwich, Sidney Farr, Houston, Barrow, Bland, Rehmet & Singleton, Houston, of counsel, for appellants.

Tom Alexander, Pearson Grimes, Houston, Butler, Binion, Rice & Cook, Houston, of counsel, for appellees.

COLEMAN, Justice.

This is a suit to cancel and enjoin enforcement of a promissory note together with the deed of trust and mechanics' lien securing it. The defendants in the trial court filed a cross-action for the balance due on the note and judicial foreclosure of the liens securing same, and, in the alternative, for recovery in quantum meruit of the market value of the improvements constructed on plaintiffs' lot. Judgment was entered based on the verdict of a jury cancelling the note, deed of trust and mechanics' lien and adjudging that the defendants take nothing on the cross-action.

The Houston Lumber Supply Company, appellant, contracted with appellees to construct a dwelling house on a vacant lot owned by appellees in accordance with certain plans and specifications. In response to special issues, the jury found that appellant did not substantially perform the contract; that the work performed under the contract was not done in a good, workmanlike manner; that the market value of the house built by appellant on appellees' lot, on the date appellees occupied it, was $4,250.00; that at the time of signing the deed of trust and mechanics' and materialmen's lien appellees intended to occupy the house to be built on their lot as their home and that prior to that time appellees had done overt acts of preparation evidencing a purpose to carry out such intention within a reasonable time limit other than buying the lot, approving the plans and making the contract for the construction of the house.

Appellant does not attack the finding of fact that at the time appellees executed the instruments purporting to create a lien on their lot they intended to occupy the house to be erected thereon as their home, but they contend that the finding concerning overt acts of preparation is supported by no evidence, or, alternatively, is contrary to the

great weight and preponderance of the evidence.

■ Appellees emigrated to this country from West Germany in 1952. Leo Wockenfuss, herein referred to as appellee, testified that ever since he had been in this country he had planned to build a house for his wife and that he had saved his money for that purpose. After he moved to Houston he bought a house, which he sold in 1959. Then he rented a house. He and his wife looked for a lot for several months before they found the one they wanted and also looked at houses to find the kind of house he wanted to build. He was operating a filling station at that time and one of his customers was R. A. Burrage, the assistant manager of appellant Lumber Supply Company. Appellees took Mr. Burrage to see the house they liked and he prepared some house plans for them based on this house, but incorporating certain changes suggested by Mrs. Wockenfuss. They also took Mr. Burrage to see the lot they had chosen on more than one occasion before any of the contract instruments were signed and, according to appellees, before the lot was purchased, and on Burrage's advice he arranged to buy five more feet of land. Appellee testified that he bought the lot to make it his home for the rest of his life and when he bought it he owned no other property anywhere. While discussing plans for building Mr. Burrage pointed out that a large tree would have to be removed. Before the instruments were signed appellee removed the tree and dug up the stump. He also cleared the lot and staked it out. Accepting as true the testimony of appellee, these facts must have been known to Mr. Burrage before the lien instruments were signed. The deed of trust and mechanics' and materialmen's liens were not acknowledged before a notary public by either of appellees, and these instruments, together with the promissory note were executed on September 19, 1960, and the note recites that it is secured by these lien instruments. The contract to build had been previously entered into on September 12, 1960, and was not acknowledged. This evidence was clearly sufficient to support the answer made by the jury to Special Issue No. 5, which asked whether appellees had done *any* overt acts of preparation evidencing a purpose to make their home on the lot within a reasonable time.

Appellants contend that the fact findings made by the jury, together with the undisputed facts, are insufficient to support the conclusion of law that the lot constituted appellees' homestead.

"* * * in order to impress upon property a homestead character, in the absence of *actual occupancy* thereof, there must be an intention by the head of the family to reside upon it with his family as a home, coupled with some overt act of preparation evidencing that intention." (Gilmore v. Dennison, Tex.Com.App., 131 Tex. 398, 115 S.W.2d 902, opinion adopted)

■ The issues submitted to and answered by the jury were proper and constitute a sufficient basis for the conclusion that the property was impressed with a homestead character prior to the execution of the lien instruments. Cameron v. Gebhard, 85 Tex. 610, 22 S.W. 1033; Skiles v. Shropshire, Tex.Com.App., 124 Tex. 462, 77 S.W.2d 872, opinion adopted; Surratt v. Thomas, Tex.Civ.App., 233 S.W.2d 350; Stout v. Sommers, Tex.Civ.App., 28 S.W.2d 247, aff'd Sommers v. Stout, Tex. Com.App., 44 S.W.2d 901; Foley v. Holtkamp, 28 Tex.Civ.App. 123, 66 S.W. 891, error ref.; Espinoza v. Cocke, Tex.Com. App., 276 S.W. 1095; Stevenson v. Wilson, Tex.Civ.App., 130 S.W.2d 317, writ ref.

Appellant contends that the fact that appellees occupied rented premises prior to and at the time of the purchase of the lot in question established as a matter of law the homestead character of the rented premises. It is further contended that since appellees had a homestead a new one

could not be acquired until abandonment was established by moving out of the rented premises.

■ While it is clear that a homestead exemption may be claimed for rented premises, it does not follow that one occupying rented premises may not acquire homestead rights in other property in the absence of evidence that he intended the rented premises to be his homestead. Espinoza v. Cocke, supra; Grimes v. Cline, Tex.Civ. App., 300 S.W. 235, error dism.; Bartels v. Huff, Tex.Civ.App., 67 S.W.2d 411, writ ref.

■ In the absence of a bona fide purchaser for value before maturity, the mechanics' lien securing a promissory note may not be foreclosed where the contractor failed to substantially perform the lien contract. Continental National Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928. If the property described in the mechanics' lien contract is homestead property, there can be no recovery on the contract. Paschall v. Pioneer Savings & Loan Co., 19 Tex.Civ.App. 102, 47 S.W. 98; Murphy v. Williams, 103 Tex. 155, 124 S.W. 900; Sommers v. Stout, Tex.Com. App., 44 S.W.2d 901. In the Sommers case the court said:

> "In the Murphy Case, supra, our Supreme Court, speaking through Judge Williams, exhaustively reviewed the authorities bearing on the subject and held that the only way that a mechanic's lien could be fixed on a homestead was by full compliance with the provisions of section 50, article 16 of our state Constitution in the making of the contract, and that one who has not substantially performed his part of such contract cannot maintain an action on the contract for its enforcement, though he may sometimes be allowed to recover upon a quantum meruit. Of course, where the recovery is on a quantum meruit, and not on the contract itself, no foreclosure of the lien can be had."

Appellants contend that the trial court erred in refusing to set aside the jury's answer to Special Issue No. 3 (relating to the market value of the house), or that the answer returned is contrary to the great weight and preponderance of the evidence.

There was expert testimony that had the house been constructed in accordance with the plans and specifications, it would have had a market value of $7.50 per square foot, but that as a result of the defective construction, the value of the house was reduced from 30% to 40% below that value. There were approximately 1880 square feet in the house. The various claimed defects were described in detail. Among other things it was shown that the foundation had settled and cracked; there were cracks in some of the walls; the doors would not open and shut properly; and one brick wall was not erected in a good workmanlike manner. A septic tank was installed instead of connections with the City sewer lines because foundation level of the house was below the level of the nearest manhole cover. If the foundation had been raised to the proper level, it would have been higher than the bottom of the ditch draining the street in front of the house, but as it was constructed it was lower than the ditch and when a sufficiently heavy rain fell the ditch overflowed and water entered the house. The terms of the contract show that a connection with the City sewer system was contemplated. The jury found that the value of the house was $4,250.00, substantially less than the value placed on it by the expert witness. Appellee's testimony on this point is not clear, but, as we construe it, amounts to no more than that he does not like the house and it is worth nothing to him. He moved into it because his money was gone and he had no place else to live. Appellee testified that there was a four foot slope from the front of his lot to the back and that he had filled it in with three to four hundred cubic feet of soil. The house was built on a concrete foundation. He testified that the first year

after he moved into the house he worked on the house every night, sometimes all night, and every Saturday and Sunday, and that he is still working in his spare time, trying to keep the place standing. In order to keep water out of the house he built two drains and a guard on the roof to force the water falling on the roof into the drains. He built walls in front of the house and in front of, as well as on the north side of, his yard to keep water from draining into the yard and from the yard into the house.

■■ The testimony of expert witnesses is not ordinarily binding on the jury, and is not in this case. City of Houston v. Hendrix, Tex.Civ.App., 374 S.W.2d 764, writ ref., n. r. e.; State v. Haire, Tex.Civ. App., 334 S.W.2d 488, writ ref., n. r. e. Ordinarily the opinion testimony of experts is conclusive where the jury cannot properly be assumed to have, or be able to form, correct opinions of their own based upon the evidence as a whole and aided by their own experience and knowledge of the subject of inquiry. American Nat. Ins. Co. v. Ferguson, Tex.Civ.App., 209 S.W.2d 797, ref., n. r. e.

■ Neither the minimum nor the maximum valuation placed on property by the opinion testimony of expert witnesses is binding on a jury. The jury is entitled to weigh the testimony of such witnesses in the light of their own knowledge and experience. Slay v. Mary Couts Burnett Trust, Tex.Civ.App., 180 S.W.2d 480, aff'd in part and rev. in part, 143 Tex. 621, 187 S.W.2d 377; Barclay v. Burge, Tex.Civ. App., 245 S.W.2d 1021; City of Houston v. Hendrix, supra.

■ The answer made by the jury on the question of value is supported by such evidence of probative force that we cannot say it is clearly wrong. Appellants argue that in such event the trial court erred in failing to enter judgment in their favor for such value less the sum of $2,000.00, which they concede has been paid by appellees.

■ Unless the work is shown to be of benefit to the owner or to have been accepted by him, the contractor is not entitled to recover on a quantum meruit for work done under an indivisible contract where the completed work does not comply with the terms of the contract. Simons v. Paine, Tex.Civ.App., 140 S.W. 855, writ ref.; 10 Tex.Jur.2d, Building Contracts, § 45. We see no reason why a different rule should be applied in the case of a contract to construct improvements on a homestead. The recovery on quantum meruit is independent of a contract. Article 16, § 50, Constitution of Texas, Vernon's Ann.St. protects the homestead against forced sale, and invalidates mortgages, trust deeds, and other liens on the homestead except for liens securing the purchase money thereof, or for improvements made thereon in accordance with the procedure provided in this section. The case of Magee v. I. & G. N. Wood & Coal Co., Tex.Civ.App., 269 S.W.2d 498, ref., n. r. e., is cited for the proposition that where there is a failure to substantially perform a building contract, there can be no recovery on quantum meruit. There a purchaser for value before maturity sued the builder and the landowner for the balance due on a note and for foreclosure of the mechanics' lien securing it. The trial court had granted judgment against all defendants with a judgment over against the landowner in favor of the contractor for the amount he might be required to pay in satisfaction of the judgment. There was an alternative count in quantum meruit. The jury found in favor of the defendants on their defense of failure to substantially perform.

The Court of Civil Appeals held that the note sued on was a negotiable instrument and that there was no error in awarding the appellee a judgment thereon. The portions of the judgment awarding foreclosure of the liens and judgment over against the landowner were reversed. The Court, after holding that the liens were invalid because of failure to substantially perform the contract, stated: "Similarly,

no recovery can be had upon a quantum meruit basis." We think, however, that this statement is not supported by Murphy v. Williams, 103 Tex. 155, 124 S.W. 900, the authority cited. This case holds that in the absence of a recovery on the contract, the liens cannot be enforced. It specifically calls attention to the holding in Paschall v. Pioneer Savings & Loan Co., 19 Tex.Civ. App. 102, 47 S.W. 98, and stated: "The principle applied in that case, which is clearly sustained by the authorities, is that one who has not substantially performed his part of a contract cannot maintain an action for its enforcement *although he may sometimes be allowed to recover upon quantum meruit.*" (Emphasis added.) Appellee recovered on the contract because he was the holder in due course of a negotiable instrument. The contractor could not have recovered because he failed to substantially perform his contract. He, therefore, was not entitled to a judgment over against the landowner.

■ Recovery may be had in such cases on the basis of quantum meruit, but only an in personam judgment may be rendered. Continental Nat. Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928; Atkinson v. Jackson Bros., Tex.Com.App., 270 S.W. 848, 38 A.L.R. 1377; Walker v. Woody, 40 Tex.Civ.App. 346, 89 S.W. 789; Blackburn v. Temple Nat. Bank, Tex.Civ. App., 216 S.W.2d 233; Bratcher v. Moore, Tex.Civ.App., 219 S.W.2d 527.

This house cannot be connected with the City sewage system, and threat of flooding cannot be eliminated, unless the house is removed and the lot filled to street level. There is testimony that appellees demanded that the house be removed. One of the prayers in this suit was for an order requiring appellants to remove the house. Appellee testified that the house had no value to him and that he occupied it only because he had no money and nowhere else to live. The evidence is not clear as to when the walls and foundation cracked.

The jury found that the house had substantial value.

■ We have found no case where it was held that the act of taking possession of a house, after protest and by reason of necessity, is, as a matter of law, an acceptance of benefits under an invalid building contract. Where the benefits are not accepted, no action on quantum meruit will lie. Tramonte v. A. J. Rasmussen & Sons, Tex.Civ.App., 167 S.W.2d 566; Cantrell v. Garrett, Tex.Civ.App., 342 S.W.2d 466; Benson v. Harrell, Tex.Civ.App., 324 S.W. 2d 620. We are of the opinion that an issue of fact was raised by this evidence as to whether appellees knowingly accepted the benefit of the labor and material furnished by appellants. Since the trial court rendered judgment against appellants, no subsidiary issues can be deemed found in their favor, and independent issues not submitted are deemed waived. Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031; Simons v. Paine, Tex.Civ.App., 140 S.W. 855, error ref.; Allison v. Wheless, Tex.Civ.App., 84 S.W.2d 529, error dism.; Ft. Worth Properties Corporation v. Bahan, Tex.Civ.App., 68 S.W.2d 228.

■ The measure of damages in an action on quantum meruit ordinarily is the reasonable value of the work performed and material furnished. Atkinson v. Jackson Bros., Tex.Com.App., 270 S.W. 848; Bratcher v. Moore, supra; Tramonte v. A. J. Rasmussen & Sons, supra. The reasonable market value of the house would not necessarily, or probably, be the same amount. The trial court did not err in refusing to enter judgment for appellants on the basis of the answer made to the issue on market value of the house.

■ Appellants' point concerning jury misconduct cannot be sustained. It is contended that the answer to the issue on market value constituted a quotient verdict. Since the trial court overruled the motion for new trial, it will be presumed he found

that there was no agreement in advance to be bound by the figure reached by the addition of the various sums suggested by the jurors and the division of the result by twelve. There is no direct testimony of an advance agreement to be bound by the calculation, and a reasonable inference is to the contrary. J. Weingarten, Inc. v. Azios, Tex.Civ.App., 384 S.W.2d 160.

■ Since the issue on market value was not an ultimate issue in this case, and since the judgment entered by the trial court was properly supported by other findings made by the jury, the several points raised by appellants concerning this issue deal with claimed errors that could not be calculated to cause the rendition of an improper judgment and, in fact, did not cause an improper judgment to be rendered. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.