**W. J. ANDERSON et al., Appellants,**

v.

**A. R. CASEBOLT, Appellee.**

**No. 17321.**

Court of Civil Appeals of Texas, Fort Worth.

July 7, 1972.

Rehearing Denied Sept. 15, 1972.

Elton M. Hyder, Fort Worth, for appellants.

Cantey, Hanger, Gooch, Cravens & Munn, and Robert S. Travis, Fort Worth, for appellee.

OPINION

LANGDON, Justice.

This is a suit to recover money under a written contract to construct a boathouse in accordance with drawings and specifications and alternatively on the basis of quantum meruit. The case was tried to a jury. It found that (1) the appellants did not fully complete the written contract; (2) that such failure was not because the appellee refused to allow appellants to come upon his premises; (3) that appellants did not substantially complete the work required of them under the contract; (4) that labor and material for improvements did benefit the appellee; (5) that the reasonable value of such improvements was $1,400.00; and (6) the sum of $400.00 was found to be a reasonable attorney's fee.

The court entered a take nothing judgment against the appellants and this appeal is from that judgment based upon three points of error.

We affirm.

By their first point the appellants contend that the court erred in rendering judgment against them because the evidence clearly showed that the benefits of the contract had been received, used and accepted by the appellee.

It is undisputed that the parties to this suit executed a written contract expressly covering their respective rights concerning the construction of the boathouse and payment therefor and that the construction work under the contract was not completed. The appellants concede in their brief that any recovery by them can be based only on quantum meruit.

"The right to recover on quantum meruit does not grow out of the contract, but is independent of it. It is based upon the promises implied by law to pay for beneficial services rendered and *knowingly accepted*. (Citation of authorities.)" David-

son v. Clearman, 391 S.W.2d 48 (Tex.Sup. 1965). (Emphasis ours.)

In Houston Lumber Supply Company v. Wockenfuss, 386 S.W.2d 330 (Houston Tex.Civ.App., 1965, ref., n.r.e.) the court said:

"We have found no case where it was held that the act of taking possession of a house, after protest and by reason of necessity, is, as a matter of law, an acceptance of benefits under an invalid building contract. *Where the benefits are not accepted, no action on quantum meruit will lie.* Tramonte v. A. J. Rasmussen & Sons, Tex.Civ.App., 167 S.W.2d 566; Cantrell v. Garrett, Tex.Civ.App., 342 S.W.2d 466; Benson v. Harrell, Tex.Civ.App., 324 S.W. 2d 620. We are of the opinion that an issue of fact was raised by this evidence as to whether appellees knowingly accepted the benefit of the labor and material furnished by appellants." (Emphasis ours.)

■ To prevail in this cause of action under the authorities above cited, it was essential that the appellants obtain a finding that the appellee had knowingly accepted the benefits, if any, of the work and materials furnished by them. This they failed to do. By the pleadings and the evidence a fact issue was raised on the question of acceptance. However, this essential fact issue was not submitted to the jury and such submission was not requested in writing or otherwise.

■ The failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission in substantially correct wording has been requested in writing and tendered by the party complaining of the judgment. An objection is sufficient where the issue is one relied upon by the opposing party.

■ In the case at bar the appellants waived a jury submission of the acceptance issue by reason of their failure to request it and such issue is deemed as found by the court in such manner as to support the judgment where, as here, there is ample evidence to support such a finding.

See Rule 279, Texas Rules of Civil Procedure; Hodges on Special Issue Submission in Texas, Sec. 82, page 214; and Rodriguez v. Higginbotham-Bailey-Logan Co., 172 S.W.2d 991 (San Antonio Civ.App., 1943, writ refused) and cases cited under each authority.

We have carefully considered all points raised by the appellants and each of them is respectively overruled. The judgment of the trial court is affirmed.

Affirmed.