**NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,**

v.

**Rita SALAS, Appellee.**

**No. 4224.**

Court of Civil Appeals of Texas.

Eastland.

March 15, 1968.

Rehearing Denied April 5, 1968.

Robert E. Davis, Matthews & Thorp, Dallas, for appellant.

Marvin Menaker, Dallas, for appellee.

GRISSOM, Chief Justice.

Rita Salas sued the National Life and Accident Insurance Company on a life insurance policy, issued December 16, 1963, insuring the life of her baby, Rudolph Salas. Rudolph was born October 30, 1963. He died May 24, 1964. He was about six weeks old when the policy was issued to his mother. The Insurance Company defended on the ground that Rudolph was not in sound health when the policy was issued and therefore the provision in the policy that it "—shall take effect on the date of issue, provided the insured is then alive and in sound health, but not otherwise" prevented the policy from ever taking effect. The Insurance Company further alleged that material representation of facts, upon which it relied were "falsely and knowingly and fraudulently misrepresented" to it in the application for the policy. The court instructed the jury that sound health meant "a state of health free from any disease or ailment that affects the general soundness and healthfulness of the system seriously. Not a mere temporary indisposition which does not tend to weaken or undermine the constitution of the assured." The court submitted only one issue, to-wit, whether on December 16, 1963, the day the policy was issued, Rudolph was not in sound health. The jury found against the Insurance Company on that defensive issue. Based on that finding the court rendered judgment for Rita Salas against the Insurance Company for the face amount of the policy, plus 12% penalty and $350.00 attorney's fee. The Insurance Company has appealed.

Under appellant's first 4 points it contends that (1) there was no evidence that Rudolph was in sound health when the policy was issued; (2) that said finding is contrary to the great weight and preponderance of the evidence and that (3 and 4) the court erred in refusing to grant its motions for an instructed verdict. In support thereof, appellant says the evidence shows without dispute, that a heart murmur was first detected on November 2, 1963; that Rudolph was afflicted with a heart murmur on November 7, 1963, before the policy was issued on December 16, 1963; that his mother knew thereof and that she took him to the Freeman Memorial Clinic for tests and observation during November and December, 1963, and in January, 1964; that on December 6, 1963, Rita Salas falsely represented in her application for insurance that Rudolph had no heart trouble; that Rudolph had a heart murmur on December 10, 1963; that he had a heart murmur on January 3, 1964 and April 24, 1964; that appellant's manager testified, without contradiction, that Rudolph's condition was so material to the risk that if it had been known to the company it would not have issued the policy. Appellant says it is settled law that a life insurance policy may contain a provision that it shall not become effective if the insured is not in sound health when the policy is issued and that existence of sound health on the date the policy is issued is a condition precedent to its ever becoming effective. We think that is an accurate statement of the law. American National Insurance Co. v. Lawson, 133 Tex. 146, 127 S.W.2d 294, 295, (Com.); Texas Prudential Insurance Co. v. Dillard, 158 Tex. 15, 307 S.W.2d 242; Lincoln Income Life Insurance Co. v. Mayberry, 162 Tex. 492, 347 S.W.2d 598; Great National Life Insurance Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602. Appellant fur-

ther says that Rudolph's heart murmur was first detected on November 2, 1963; that it was present on November 7, 1963; that his mother knew thereof and that she falsely represented in December 1963 that he was in good health; that the testimony of appellant's manager showed that said representation was material to the risk and that the policy would not have been issued but for such misrepresentation. The appellant contends that said matters were conclusively established and therefore it was entitled to an instructed verdict and the court committed reversible error in refusing to instruct a verdict.

Appellant says in its 6th point that the court erred in refusing to grant its requested instruction number one, which was as follows:

"You are instructed that the term 'material to the risk' means any fact concerning the health, condition or physical history of Rudolph Salas which would materially have influence on Defendant in determining whether or not it would issue the insurance on Rudolph Salas."

Its 7th point is that the court erred in refusing to submit its requested issue number one, to-wit:

"Do you find from a preponderance of the evidence that Miss Salas made her answers on the application willfully and with the intent to induce the defendant to insure Rudolph Salas?"

Its 8th point assigns error to the refusal to submit its requested issue number two, inquiring whether the medical consultations or treatments given Rudolph in November or December, 1963, were material to the risk, and requested issue three, which inquired whether Rudolph's confinement in the hospital was material to the risk.

Appellant's 10th point presents the contention that the court erred in refusing to submit its requested issue number four, which inquired whether Rudolph had heart trouble before the date of the insurance application, and requested issue five, which asked whether such heart trouble was material to the risk.

Appellant's 12th and 13th points present the contention that the court erred in refusing to submit its requested issue number six, which inquired whether Rudolph had any disease, impairment or deformity to his heart, and requested issue seven, which inquired whether such disease, impairment or deformity of Rudolph's heart was material to the risk. Appellant then says appellee admitted that Rudolph had a heart murmur; that he had medical consultation and treatment for that condition and that Rita Salas knew thereof when she answered the questions in her application. Appellant says the remaining elements of the defense of misrepresentation, which were not admitted, were (1) materiality of Rudolph's condition and (2) intent of his mother to induce appellant to insure him. Appellant says the evidence relative to these matters was uncontradicted; that Rudolph's infirmity was, as a matter of law, material to the risk and that his mother made such false representations willfully with intent to induce appellant to insure her son.

■ The court refused to submit said issues and submitted the case upon the one issue, whether Rudolph was not in sound health when the policy was issued. Contrary to appellant's contention, we think there was not only some evidence, but sufficient evidence, to support the jury's negative answer to that defensive issue. His mother, who was 16 years of age and had a ninth grade education, testified that she could observe nothing wrong with her son between the time he was born and issuance of the policy and that during said time no medicine was prescribed for him. The medical records at the hospital where Rudolph was born and stayed only the first four days of his life showed he was "doing fine" and "in good condition." The medical librarian at the Children's Medical Center testified to the effect that both prior and subsequent to issuance of the policy Rudolph was ap-

parently in good health. The records of the results of examinations there by a doctor showed "impression, well baby." A congenital heart problem was ruled out. Rudolph had electrocardiograms and x-ray examinations which, according to the doctor's record, showed "not definitely abnormal" and "within normal limits." Despite some evidence of existence of a heart murmur there was no direct evidence that at the time the policy was issued Rudolph was not in sound health. There is not any evidence that the suspected heart murmur, even if it existed when the policy was issued, was such an illness that it required the conclusion that Rudolph was then not in sound health. Of course, the burden was upon appellant to prove, as it alleged, that when the policy was issued Rudolph was not in sound health. The jury answered that issue against the appellant. The evidence does not compel a contrary conclusion. On the contrary, it is sufficient to support the jury's answer.

We think the court submitted the ultimate issue and that it did not commit reversible error in refusing to submit other issues requested by appellant. A party seeking submission of instructions and issues has the burden of presenting them in substantially correct form. Texas Rules of Civil Procedure, rule 279. These were not. The requested issues must be ultimate issues. These were not. See Holmes v. J. C. Penney Co., 382 S.W.2d 472; 57 Tex.Jur. 2d 119, 122.

Appellant's 14th point presents the contention that the court committed reversible error in permitting introduction of plaintiff's exhibit 2, which was Rudolph's death certificate. Only a statement that the immediate cause of Rudolph's death was bronchopneumonia was admitted. It did not purport to be the opinion of a doctor or any person who presumably knew the cause of his death. Introduction of the certificate was objected to because (1) it was hearsay; (2) no proper predicate had been laid; (3) it was not filled out in accordance with the statutes; (4) not certified by the State Registrar; (5) it did not contain the name of any physician and (6) did not purport to be the statement or opinion of any one qualified to pass thereon. We think the certificate was not admissible. But, it was not admitted. The only thing admitted did not purport to show that it was the opinion of any one reasonably calculated to have such knowledge. Under the circumstances, we do not believe it was reasonably calculated to cause and that it probably did cause rendition of an improper judgment. The cause of death may be material in determining whether one was not in good health when a policy was issued but the controlling question is lack of good health at said time. Evidence of what some unknown person said was the cause of death, in the absence of any evidence that he had some knowledge thereof, was not reasonably calculated to influence a jury. We therefore conclude that such admission was not reversible error.

All of appellant's points have been carefully considered and are overruled. The judgment is affirmed.