AMERICAN NATIONAL INSURANCE
COMPANY, Appellant,

v.

Jesus ALEJANDRO, Appellee.

No. 17064.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 5, 1969.

Rehearing Denied Jan. 16, 1970.

Dibrell, Dibrell & Greer and Wm. G.
Rider, Galveston, Shannon, Gracey, Ratliff
& Miller and J. Roy Hudspeth, Fort
Worth, for appellant.

Charles Leeper, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Jesus Alejandro sued and obtained judgment against the American National Insurance Company on a temporary "family" life insurance contract for benefits therein provided because of the death of his daughter, Erlinda. No insurance policy had been issued, but plaintiff was in possession of an instrument labeled "Conditional Receipt" which, under the facts of the case, will be treated as the contract. It had been contemplated that a life insurance policy would be issued by the Company, but on a date subsequent to Erlinda's death notice was given to the effect that there would not be any delivery.

Affirmed.

■ The material provisions of the Conditional Receipt read as follows:

"Received from Jesus Alejandro the sum of $8.47 for the full first premium. * *

"The insurance for which application is made shall be effective (1) on the date of this receipt * * * if on such effective date *each* person proposed to be insured *is in good health and acceptable for insurance under established rules and practices of the Company* for the plan, * * * applied for. * * *

"This receipt shall be *binding* from such effective date. * * *

"Dated at Fort Worth Texas this 2 day of Nov., 1965." (Emphasis supplied.)

It is the contention of the Company that it would not merely be a question of whether Erlinda Alejandro (the deceased) was in good health and acceptable for insurance as of the date of the receipt we have quoted, but there would as well be a question of whether all persons proposed to be insured under the anticipated policy of insurance were in good health and acceptable as of such date. Said persons were plaintiff's entire family. Explanatory of its contention is the fact that one premise upon which it denied any liability because of the death of Erlinda was because her mother, Flora Alejandro, was not acceptable for such insurance as of date of November 2, 1965.

The situation requires that a test be made of the instrument in question under established principles of contract and insurance law. The case is not one wherein we have any reason to concern ourselves with the matter of misrepresentation of any kind and there was nothing warranted to the Company which induced or occasioned the issuance of the Conditional Receipt of which there is any complaint. Indeed, the application executed incident to the delivery of the receipt reflected the fact of Flora Alejandro's pregnancy. No one had any occasion to suspect that any condition of other than good health obtained in the case of Erlinda (the deceased) until after November 2, 1965.

■ Tests relative to contractual construction require the holding that in this particular case it could only be Erlinda Alejandro's state of health and acceptability for insurance coverage which would be matter for consideration (as of the material date of November 2, 1965) in determining the question of entitlement to recover on the contract of the parties. See generally 32 Tex.Jur.2d, "Contracts", Secs. 54, et seq., beginning at p. 102, on "Construction of Contract". The "receipt" in this case is not what is generally known as a "conditional receipt"; rather is it a "conditional binding receipt" perforce its provision that it would be "binding" from date of November 2, 1965. It provided temporary insurance. Colorado Life Co. v. Teague, 117 S.W.2d 849 (Eastland Tex.Civ.App., 1938, writ dism.), especially the opinion on motion for rehearing beginning at p. 855.

Under its points of error the Company's attack upon the judgment is only inciden-

tally predicated upon the matter of Erlinda's acceptability for insurance other than as necessarily embraced within the contractual provision that she be in good health. The same thing is true relative to the charge given to the jury. We may, therefore, devote ourselves to the question of resolving the propriety of the decision of the jury and of the trial court that such state of health was properly accepted, having necessarily decided by what is already discussed that the Company's complaints concerning refusal of special issues relating to insurability of her mother, are devoid of merit.

By answer to a special issue submitting the question of whether Erlinda Alejandro was *not* in good health on November 2, 1965 (with burden placed on the Company) the jury found that "She was in good health" on said date. The Company complains under its points because its objection to the issue was overruled and because the court denied its specially requested issue by which it sought to have the question submitted with the burden placed on the plaintiff.

In National Life and Accident Insurance Co. v. Salas, 426 S.W.2d 327 (Eastland Tex.Civ.App., 1968, writ ref., n. r. e.) there was a provision in a life insurance policy that it " '—shall take effect on the date of issue, provided the insured is then alive and in sound health, but not otherwise' * * *." The court held that a special issue which inquired whether the deceased had been in sound health on the material date would properly be one by which the burden of the inquiry would be cast upon the party contending that sound health did not then exist, i. e., a requirement that the issue be framed so that it would read substantially: "Do you find from a preponderance of the evidence that on the material date the deceased was *not* in sound health". There would be no reason to apply a different rule to the receipt issued by the Company in the instant case. The correct issue by which the issue should be resolved was submitted, to-wit: "Do you

find from a preponderance of the evidence that on November 2, 1965, the minor child, Erlinda Alejandro, was not in good health?"

▇ The claim that Erlinda was not then in good health constituted an affirmative defense required to be pleaded by the Company in resistance of the claim made under the contractual provisions declared upon. As a matter of law it constituted an avoidance or affirmative defense. Texas Rules of Civil Procedure 94, "Affirmative Defenses". See the Texas cases under 109 A.L.R. 921, Annotation: "Presumption and burden of proof regarding provision of policy of life insurance that it shall not take effect unless insured is in good health"; 44 Am.Jur.2d, p. 902, "Insurance", Sec. 1963, "Compliance with provision that policy shall not take effect unless insured in good health". See also 43 Am. Jur.2d, p. 284, "Insurance", Sec. 222 "(Temporary Life . . . Insurance)—. As conditioned upon insurability of applicant".

▇ The language of the contract restricted the liability of the Company and limited the insurance of the policy to those contemplated by the parties to be covered if in good health on the contract date; but not to any one or more of them who was not in good health. Want of good health at the material time, if successfully established, would entitle the Company to escape the liability sought to be imposed. This statement is in accord with the holding of National Life and Accident Insurance Co. v. Salas, supra.

The Company argues that the law should be held to the contrary under language to be found in United Founders Life Insurance Company v. Carey, 363 S.W.2d 236 (Tex.Sup., 1962) and National Life and Accident Insurance Co. v. Blagg, 438 S.W.2d 905 (Tex.Sup., 1969). Neither case dealt with the matter of good or sound health. We reject the Company's contention.

The Company has founded points of error on the jury's finding that Erlinda Alejandro was in good health and as applied to its finding that she was insurable and acceptable under the Company's rules and practices for the plan of insurance involved. Its contention is that there was no evidence *to support the jury's findings, and* that such findings were contrary to the great weight and preponderance of the whole of the evidence in the record.

We have examined the state of the evidence in the case and hold that the material findings of the jury were supported by the evidence and that they were not against the great weight and preponderance of the evidence.

All of the Company's points of error have been considered and they are severally overruled.

Judgment is affirmed.